### MAINTENANCE OF CHILD BY DIVORCED HUSBAND.

Court of Appeals for Hamilton County.

EMIL GEBERT v. JOSEPH HOWARD.

Decided, April 12, 1913.

*Parent and Child—Claim of Husband of a Divorcee for an Additional Amount for Support of Her Child Will Not be Upheld, When.*

Where a divorced woman remarries, and her first husband contributes to the support of her son who remains in her custody, the second husband can not, after a lapse of five years or more, maintain an action against the first husband on a claim then for the first time asserted for a balance due for the boy's maintenance.

*M. C. Lykins,* for plaintiff in error.
*H. H. Hosbrook,* contra.

JONES, O. B., J.; JONES, E. H., J., concurs; SWING, J., not sitting.

Plaintiff married the divorced wife of defendant, who was the mother of defendant's son then about eleven years of age. The boy was brought by his mother into the household of plaintiff and became a member of his family. Under successive arrangements between the boy's mother and the defendant weekly

sums were paid to her by defendant for the maintenance of the boy, being first at the rate of $2 per week for a period of 86 weeks; then $4 per week for 88 weeks, and then $5 per week for the remainder of the time. When these sums were received by the mother she turned them over to the step-father, plaintiff herein, who admits that he knew she was receiving them from the boy's father, defendant herein, but denies that he knew the terms of any contract or contracts for same made with him by the mother.

Plaintiff, however, made no objection to defendant as to the amounts that were being paid by him, and appears to have made no demand for any additional payment until the bringing of this suit, in which he claims for the full period ·from June 27, 1906, the date of his marriage, to January 6, 1911, at the rate of $4.50 per week for board and clothing furnished the boy and allowed a credit for the total amount paid of $820—claiming a balance of $246.50.

There is no evidence that the amount claimed was the value of the necessary board and clothing or that the father had failed to supply same.

Under the facts shown by the evidence, it is a question whether plaintiff has not placed himself in *loco parentis* with relation to the boy, and whether he could make a claim against the boy's father for maintenance after it had been furnished without any arrangement or contract with him, and without showing demand upon him to furnish such necessaries and failure on his part to do so. But the continued receipt by plaintiff, without objection, of the weekly payments as made by defendant to the mother, leads to the belief that he must have been informed of the contract with the mother and assented to it, or if not fully informed that he must have been satisfied at the time with the amounts paid.

The court below instructed a verdict for defendant. On consideration of the testimony set out in the bill of exceptions and the record of the case below the court finds no error to the prejudice of plaintiff and the judgment is affirmed.