LOGAN, APPELLANT, *v.* LOGAN, APPELLEE.*

(No. 5267—Decided March 7, 1960.)

*Mr. J. Slater Gibson*, for appellant.
*Messrs. Cline, Bischoff & Cook*, for appellee.

FESS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court, Division of Domestic Relations, Juvenile Branch, finding that there has been a *de facto* adoption of minor children of defendant-appellee by their stepfather, and that the defendant as the natural father has thereby been deprived of his parental rights, and ordering that a former order imposing upon the defendant the duty of supporting said children be suspended effective July 20, 1959, until further order of the court.

The mother and father of the two minor children were divorced in 1951. In the divorce judgment, the mother was awarded custody of the two children, then seven and three years old, and the father was ordered to pay the mother $90 a month for support of the children. Jurisdiction was reserved to modify the order in any respect and the case was certified to the Juvenile Branch for further proceedings thereunder.

Both parents have since remarried. The father has no chil-

---

*Motion to certify the record overruled, September 21, 1960.

dren by his second marriage, and the mother has one child born to her second marriage.

On July 20, 1959, the father filed a motion alleging that since the divorce he has fully complied with the support order. He alleges further that since the divorce the mother married one David Hayes, and that the children have been registered in their respective schools under the surname of their stepfather, as Donna Hayes and Janice Hayes, and ''have thus assumed the name of their stepfather, and all the obligations of filial piety incident thereto, thus giving the stepfather the benefits of an adoption *de facto* of said minor children without the legal consequences of obligation to support said minor children.'' Defendant prays for an order modifying the decree and relieving defendant from further obligation of support of said minor children.

On August 28, 1959, the mother countered by filing a motion to increase the amount of the child support on the ground of changed circumstances in that the cost of their maintenance and support had substantially increased since the decree was entered in May 1951.

The duty of a husband to support his wife and children, as defined in Section 3103.03, Revised Code, is a primary obligation, and, as long as the husband is able to do so, the proviso in the section, that, if he is unable to do so, the wife must assist him as far as she is able, does not modify the husband's obligation. *Klump* v. *Klump*, 96 Ohio App., 93, 121 N. E. (2d), 273; *Armstrong* v. *Armstrong*, 74 Ohio Law Abs., 177, 139 N. E. (2d), 471.

And the obligation of a father to provide reasonably for the support and maintenance of his minor children until the latter are in condition to provide for themselves is not impaired by a decree of divorce awarding the mother the custody of the children, although it is silent as to the children's support. *Pretzinger* v. *Pretzinger*, 45 Ohio St., 452, 15 N. E., 471, 4 Am. St. Rep., 542; *McDaniel* v. *Rucker*, 150 Ohio St., 261, 80 N. E. (2d), 849. It has been held that, where a divorced woman remarries and her first husband contributes to the support of her minor son remaining in her custody, the second husband, who may have placed himself *in loco parentis* with relation to the boy who

has received the sums so contributed by the father, can not, in the absence of a contract with the father, after a lapse of five years, maintain an action against the father on a claim, then for the first time asserted, for a balance due for the child's maintenance. *Gebert* v. *Howard*, 2 Ohio App., 131, 19 C. C. (N. S.), 398, 25 C. D., 329.

Jurisdiction of adoption proceedings is vested exclusively in the Probate Court. Section 3107.02, Revised Code. The phrase, *de facto*, is used in contradistinction to the phrase, *de jure*. *De facto* means, arising out of or founded in fact, in contrast with *de jure* meaning, of right, legitimate, lawful, or by right and just title. It is exceedingly difficult to conceive how there can be a so-called *de facto* adoption with the possible exception of an irregularity incident to proceedings for adoption and reliance on the validity of the decree of adoption by those affected. See *In re Mize's Guardianship*, 193 Okla., 164, 166, 142 P. (2d), 116, 118, and *Twine, Admr.,* v. *Edwards*, 196 Okla., 382, 384, 165 P. (2d), 143, 145, as to *de facto* guardian resulting in application of estoppel *in pais* doctrine.

We do not condone the conduct of the mother and stepfather in approving the adoption of the latter's surname by the children, nor do we hold that, upon a showing of changed circumstances relating to the ability of the respective parents to continue to support the children, the court may not grant some further relief to either parent, but we do hold that the natural father may not be relieved of his legal obligation to contribute to the support of his children by reason of a so-called *de facto* adoption of such children by their mother and stepfather.

The judgment is reversed and cause remanded to the Common Pleas Court with directions to dismiss the motion of the defendant for modification of the support order.

*Judgment reversed.*

SMITH and DEEDS, JJ., concur.

DEEDS, J., concurring. It is my view that, instead of estrangement, every effort should be made to reconcile the children with their natural father. The attitude and effort to the

contrary can only be injurious to the future of the children. Apparently the mother has been responsible to a considerable extent for the present estrangement. The father has also been responsible for the situation and should not be rewarded by being relieved entirely from the support of his children.

It seems to me that the financial condition of the mother and the stepfather would justify requiring the natural father to continue making a reasonable contribution by regular payments for the support of his children, even though the court having jurisdiction should consider that the amount should be reduced. Certainly both parents should be made to understand that the best interests of the children make it necessary that both parents make an effort to cultivate a friendly relationship so far as the children are concerned.

*Motion to certify the record overruled, September 21, 1960.