In re Adoption of Johnson: Johnson, Appellant, *v.* Varney, Appellee.

(No. 38923—Decided May 19, 1965.)

162

164

*Messrs. DeSelm & Moore* and *Mr. Charles L. Moore*, for appellant.

*Messrs. Sheppard & Agnew, Messrs. Graham & Graham* and *Mr. John C. Graham*, for appellee.

TAFT, C. J. The Court of Appeals held and appellee, the natural mother, contends that, since a father has the primary duty to support his child and the father until his death was able to and did support the child involved in the instant case, there was no duty on the natural mother to support that child prior to the father's death only six months before the filing of the petition to adopt; and that, since she was under no duty to support until then, she cannot be found to have willfully failed to properly support and maintain the child for the two years before the filing of that petition.

However, in *In re Adoption of Biddle* (1958), 168 Ohio St. 209, 152 N. E. 2d 105, paragraph five of the syllabus reads:

"The phrase in Section 3107.06, Revised Code, 'properly support and maintain,' implies personal care and attention by the parent having custody as well as mere financial support."

The natural mother contends that the statement of law in that syllabus is only applicable, as stated therein, to a "parent having custody." That was the situation in the *Biddle case*, and the syllabus was therefore properly limited by those words to the case before the court. However, we are of the opinion that a mother who does not have custody of her child may have a duty to give some personal care and attention to that child even though the child is being properly supported and maintained by his father. As pointed out in the opinion in *In re Adoption of Shaw*, 91 Ohio App. 347, 355, 108 N. E. 2d 236, the phrase in Section 3107.06, Revised Code, "properly support and maintain" imposes upon a mother a duty to furnish maternal affection to and motherly contact with her child.

As indicated by finding of fact No. 11, the natural mother did not see the child or even send him a postal card for more than two years immediately preceding the filing of the petition

in the instant case. This represents a complete absence of any personal care and attention to the child.

The natural mother knew of her duty to give some personal care and attention to her child. Through 1960, she had at least given some attention to him as indicated by finding of fact No. 9 of the Probate Court.

We are of the opinion that the natural mother's complete failure to give the child any care and attention for more than two years before the filing of the petition for his adoption would justify a finding that she willfully failed to properly maintain the child and would thus do away with the necessity of securing her consent to his adoption.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause remanded to that court for further proceedings in accordance with this opinion.

*Judgment reversed.*

ZIMMERMAN, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.
MATTHIAS and BROWN, JJ., dissent.