In re Adoption of Lewis: Walls et al., Appellants, *v.* Combs, Appellee. (Two cases.)

26

(Nos. 40032 and 40033—Decided December 21, 1966.)

*Messrs. True & Meyer* and *Mr. Oliver True*, for appellants.
*Mr. Thomas L. Corogin* and *Mr. George S. Taylor*, for appellee.

TAFT, C. J. Paragraph four of the syllabus of *In re Adoption of Biddle* (1958), 168 Ohio St. 209, 152 N. E. 2d 105, reads: "4. Under the provisions of Section 3107.06, Revised Code, the allegation in an adoption proceeding that a parent 'willfully failed to properly support and maintain' the child raises a question of fact for the determination of the Probate Court."

Thus, if the evidence presented to the Probate Court was such that reasonable minds could conclude therefrom that the mother "willfully failed to properly support and maintain" the two children involved in this case "for a period of more than two years immediately preceding the filing" of these proceedings, within the meaning of those words as used in Section 3107.06, Revised Code, it was error for the Court of Appeals to find that there was no "substantial evidence in the record of willful failure to properly support and maintain" the children, and to render final judgment for the mother. *State, ex rel. Squire, Supt. of Banks,* v. *City of Cleveland* (1948), 150 Ohio St. 303, 82 N. E. 2d 709 (paragraph eight of syllabus); *Cross* v. *Ledford* (1954), 161 Ohio St. 469, 120 N. E. 2d 118 (paragraph five of syllabus).

The syllabus in *In re Adoption of Biddle, supra* (168 Ohio St. 209), further reads in part:

"6. A parent may be found to have 'willfully failed' to support, within the meaning of Section 3107.06, Revised Code, when such parent knowing of the duty and being able to provide such support voluntarily and intentionally fails to do so."

Although the *Biddle case* was a four-to-three decision, we believe that the amendment of Section 3107.06, Revised Code, in 1963 by adding thereto the next to the last sentence of subparagraph (B) (4), (130 Ohio Laws 679), indicates a legislative intention to approve the holding of the majority in that case.

In *Johnson* v. *Varney* (1965), 2 Ohio St. 2d 161, 207 N. E. 2d 558, the syllabus reads:

"1. A mother who does not have custody of her child has a duty to give some personal care and attention to that child even though the child is being properly supported and maintained by his father.

"2. Where a mother knows of her duty to give some personal care and attention to her child, is able to do so, and completely fails to give any care or attention to such child, such failure may justify a finding that she willfully failed to properly 'maintain the child' within the meaning of those words as used in Section 3107.06 (B) (4), Revised Code."

In view of the facts in *In re Adoption of Biddle, supra* (168 Ohio St. 209), paragraph five of the syllabus of that case and the facts and syllabus of *Johnson* v. *Varney, supra* (2 Ohio St. 2d 161), it is apparent that, in order to properly support and maintain her child within the meaning of Section 3107.06, Revised Code, a mother has a duty to give personal care and attention to that child and, if able to do so, to provide financial support for the child, even though the child is being properly supported and maintained by someone else and whether such mother has legal custody and actual possession of the child, either such custody or such possession, or neither such custody nor such possession.

The record discloses the following:

The mother and the father of the children involved in the instant case separated in 1960. In November 1961, the mother, who lives in Toledo, left her three children with her brother and his wife, the petitioners herein. They live in Port Clinton. The two children involved in the instant case were then aged 2 ½ and under one. The brother testified that at first he was to keep the children only until the mother could get a job. In December 1961, the mother was divorced from the father, and the father was ordered to pay $25 per week child support. The mother admits that thereafter she received, and is still receiving, the $25 per week. Some months after the children began living with petitioners, the mother took back the oldest child. No cash payments were made by the mother to her brother for the children's support, although she has received $1,300 child support each year. At most, the mother spent $20 to $40 on

clothes for the two children here involved. The brother testified that he made inquiries to the mother about getting financial support from the mother. His wife also testified that she and her husband asked the mother for money. Although the mother testified that she and her brother agreed that she would not have to pay support to him for the children, the brother denied any such agreement. The brother testified that the mother visited the children only about once a month or every six weeks for only a few hours, although the mother claimed that she visited them once a week. Some time after November 1961 and before February 1964, when these proceedings were instituted, the mother obtained work. The mother admitted that she spent some of the support money on herself.

In our opinion, reasonable minds could conclude from the evidence presented to the Probate Court that the mother had "willfully failed to properly support and maintain" the children "for a period of more than two years immediately preceding the filing of" these proceedings.

It follows that the judgments of the Court of Appeals must be reversed.

However, we recognize that the evidence in the records in the instant cases were such as to justify reasonable minds in finding either for or against the mother on the question of whether she "willfully failed to properly support and maintain" the children "for a period of more than two years immediately preceding the filing of" these proceedngs. In such an instance, the Court of Appeals had the power in its discretion to grant not more than one new trial on the weight of the evidence. (Section 2321.18, Revised Code.) See *Poske* v. *Mergl* (1959), 169 Ohio St. 70, 157 N. E. 2d 344. Certainly, the finding of the Court of Appeals in the instant cases, that there was "no substantial evidence in the record" to support the conclusion of the Probate Court on the factual question involved, represents a conclusion by the Court of Appeals that the finding of the Probate Court was against the weight of the evidence. See *State* v. *Geghan* (1957), 166 Ohio St. 188, 140 N. E. 2d 790; *Henry* v. *Henry* (1952), 157 Ohio St. 319, 105 N. E. 2d 406; and *In re Adoption of Cassada* (1960), 171 Ohio St. 368, 171 N. E. 2d 511.

We, therefore, remand these causes to the Probate Court for further proceedings as if they had been remanded by the Court of Appeals on the weight of the evidence.

*Judgments reversed.*

ZIMMERMAN, MATTHIAS and O'NEILL, JJ., concur.

HERBERT, J., concurs in paragraphs 1, 2, 3 and 4 of the syllabus and in the judgment.

SCHNEIDER and BROWN, JJ., dissent.