In re Russek (Two Cases).

(Nos. 32688 and 32689—Decided January 10, 1974.)

*Mr. Joel R. Aberth,* for appellant.
*Mr. Lucien R. Marino,* for appellee.

CORRIGAN, J. Shirley and Phillip Russek were granted a divorce on November 3, 1967. In that proceeding, Mrs. Russek was granted custody of their two sons Ronald Lee and Max Louis Russek. She has since remarried Neil Lowther, taking his surname. The boys, their mother, and stepfather have lived together for six years since the marriage to Neil Lowther. On January 4, 1973 Shirley Lowther petitioned the Probate Court below to change the surnames of the two boys from Russek to Lowther. The natural father of the boys, Phillip Russek, filed a timely objection to the change of name application and pursuant to R. C. 2717.-01 a hearing was held on this matter. The trial court de-

termined as a matter of law that it was in the boys' best interest to allow the change of name. Their natural father has appealed that decision to this court.

Appellant's brief enumerates six assignments of error. The first four assignments question the trial court's findings of fact and are overruled inasmuch as the record contains facts upon which the court could make such findings. Assignments of Error Nos. 5 and 6 will be treated together inasmuch as both contend that the Probate Court erred, as a matter of law, in ruling that it is in the best interest of the two boys to grant the petition to change their surnames from Russek to Lowther.

The case authority relied upon by both parties and the Probate Court is *Kay* v. *Kay* (C. P., 1953), 65 Ohio Law Abs. 472. The holding of *Kay* is limited and not applicable to this appeal. *Kay* cites 65 Corpus Juris Secundum, Names, Sec. 11, which lists criteria to be used in determining whether to change a minor's surname. Moreover, *Kay* upheld the common law rule that children retain their "paternal surname, [so as not] to foster any unnatural barrier between the father and son." 65 Ohio Law Abs. at 480. The controlling consideration in *Kay* was the boy's youth, only seven years at the time of the action. In *Kay, supra,* the court said: "If, when the boy fully appreciates the circumstances and is capable of selecting a name for himself, he chooses to bear the surname of someone other than his father, he may do so." 65 Ohio Law Abs. at 480. In this case, the Russek boys were fifteen and sixteen years old at the time of the Probate Court hearing and each testified expressing his desire to effect the change of surname from Russek to Lowther.

Other courts have considered the circumstances of changing a minor's surname. In *Logan* v. *Logan* (1960), 111 Ohio App. 534. Mr. Logan convinced the Common Pleas Domestic Relations Division that since his ex-wife and her second husband had registered his children in school under the second husband's surname that they had effected a *de facto* adoption of his children without the attendant obligation to support and therefore he should be, and was, relieved of his obligation to make further support pay-

ments. The Court of Appeals, with apparent reluctance, reversed the modification granted by the Domestic Relations Division: "We do not condone the conduct of the mother and stepfather in approving the adoption of the latter's surname by the children. . . . but we do hold that the natural father may not be relieved of his legal obligation to contribute to the support of his children by reason of a so-called *de facto* adoption of such children by their mother and stepfather." 111 Ohio App. at 536.

As in *Logan,* the natural father in *Dolgin* v. *Dolgin* (1965), 1 Ohio App. 2d 430, had his surname stripped from his children by his ex-wife and her second husband, but again, as in *Logan,* without the benefit of proper judicial procedure. The father argued he should be relieved of the further obligation to support his children by virtue of what he termed their *de facto* adoption by the stepfather until such time as the children's proper surname is restored. The court followed *Logan* in holding that the father is not relieved of an order of child support on the ground that the ex-wife had illegally changed the surname of the child. Furthermore, adding that by virtue of R. C. 2717.01 Probate Court has sole jurisdiction over change of name of a minor child in these cases the court ordered that the proper surname of the natural father be restored on the children's school and Temple registration rosters. The *Dolgin* court stated further:

"In the case before us the illegal misuse of the parental surname of the children cannot be left to the dictate of a divorced mother who has remarried. Such conduct cannot be sanctioned by the court under the glittering generality of 'best interests of the child.' Indeed, the best interests of the child are served when established law is followed, otherwise the child's welfare is left to the devious and unbridled edicts of a court attache.'"[1]

---

[1] *Dolgin* v. *Dolgin* (1965), 1 Ohio App. 2d 430, 435. The court attache was a Juvenile Court counselor, not a referee, whose *ex parte* recommendation that the stepfather's surname be used rather than the father's surname because of "psychological problems" was approved and adopted by the court. It was a question properly for a referee's determination rather than a court-employed social worker.

The present appeal, however, involves facts and legal procedure different from *Kay, Logan,* and *Dolgin.* While there is a similarity of issues presented among these cases and the present case in that all involve the change of a minor's name and the duty of the natural father to support, the previous decisions are drawn upon because of the dearth of authority under R. C. 2717.01 in conjunction with the collateral issue of a father's non-support.

Because the Probate Court singularly relied on *Kay* and because the related cases previously cited have merely referred to R. C. 2717.01, some further comment is in order on the substantive standards dealing with a minor's change of name.

The *Kay* case did not hold that the natural father's failure to support his children constituted grounds to effect a change from his surname. The *Logan* case held that an illegal change of a minor's surname was not a "*de facto* adoption" and did not suspend the natural father's duty to support. The *Dolgin* case followed the holding of *Logan* on the novel concept of "*de facto* adoption" and further made it clear that only through the lawful procedures of Probate Court pursuant to R. C. 2717.01 can a minor's name be changed from that of its natural father. Nowhere is the failure of the father to support held to be the only criterion to justify a change of name in these cases except in the dicta of *Kay* loosely grafted from Corpus Juris Secundum. To so construe the law of this state would too closely parallel the provisions of R. C. 3107.06(B) (4) dealing with an exception to the requirement of the natural parent's consent in *de jure* adoption,[2] a procedure also within the sole jurisdiction of Probate Court. Therefore, to hold that the only criterion used to determine whether a minor's surname should be changed is the failure of the natural father to support the child would be inconsonant with the holdings of *Logan* and *Dolgin,* unjustified by the holding of *Kay* v. *Kay,* and would be unfair to the rights of the father. *Kay* v. *Bell* (1953), 95 Ohio App. 520; *Worms* v. *Worms* (1967), 252 Cal. App. 2d 130.

---

[2] See *In re Lewis* (1966), 8 Ohio St. 2d 25, for a recent construction of this provision of the adoption statute.

In the present case, two boys—ages fifteen and sixteen —through their mother as next friend, filed an application in the Probate Court to change their surname to that of their stepfather. Our review of the transcript and record in this case reveals that the natural father failed to manifest an abiding interest in his children, that he failed to support them, that the change of name would not contribute to an estrangement from the father and would be in the best interests of the children.

Appellant's assignments of error are overruled and the judgment of the Probate Court is affirmed.

*Judgment affirmed.*

MANOS, C. J., and WASSERMAN, J., concur.

WASSERMAN, J., retired, assigned to duty pursuant to Section 6(c), Article IV of the Constitution.