**IN RE CRISAFI et al.**

[Cite as *In re Crisafi* (1995), 104 Ohio App.3d 577.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68210.

Decided June 19, 1995.

*Strachan, Green, Miller, Olender & Hobt* and *Stephen D. Hobt,* for appellant Debra Hobt.

*John Higgins,* for appellee John A. Crisafi.

---

*Per Curiam.*

Appellant Debra Hobt appeals from the order of the Probate Court denying her application on behalf of her minor children, John Anthony Crisafi (age eight) and Melissa Marie Crisafi (age six), to change their surname from Crisafi to Hobt, her remarried name. The natural father, John P. Crisafi, opposed the name change. Appellant contends the denial of the name change is against the manifest weight of the evidence and contrary to the best interests of the children. We find no error and affirm for the reasons stated below.

Debra Hobt, represented by her new husband, Stephen Hobt, brought an application to change the surname of her two minor children by her previous marriage from Crisafi to Hobt pursuant to R.C. 2717.01(B). At the hearing on the matter, the natural father objected and the referee found that the natural father has demonstrated a continuing interest in his children and the name change might lead to "possible alienation and estrangement between the children and their natural father." The new stepfather, who has two children by his previous marriage, has no plans in the near future to adopt the Crisafi children.

No transcript of the hearing was taken. The referee prepared a report of the hearing which included findings of fact and a recommendation pursuant to the relevant law. Appellant filed objections to the report. The trial court overruled appellant's objections and adopted the findings and recommendations of the referee.

Following the judgment of the trial court, appellant prepared an App.R. 9(C) statement of the evidence. The trial court, however, having adopted the report of the referee, prepared its own statement of the evidence based on findings prepared by the referee.

In reviewing the judgment as to the manifest weight of the evidence, we consider the referee's report, the court's ruling, the objections and brief opposing the report and the court's statement of evidence.

It would appear that the former husband has not been diligent in taking advantage of his visitation rights and was substantially behind in his support payments ($303 per month per child) due to a change in his employment situation.

R.C. 2717.01(B) is the authority for the probate court to authorize a name change for minors:

"An application for change of name may be made on behalf of a minor by either of the minor's parents * * *. When application is made on behalf of a minor, in addition to the notice and proof required pursuant to division (A) of this section, the consent of both living, legal parents of the minor shall be filed, or notice of the hearing shall be given to the parent or parents not consenting by certified mail, return receipt requested. * * * "

Although the statute does not specify the circumstances under which a minor's name may be changed, the courts have looked at the best interests of the child and a host of related factors. See *In re Newcomb* (1984), 15 Ohio App.3d 107, 110–111, 15 OBR 198, 201–202, 472 N.E.2d 1142, 1145:

"The parties concede this to be a case of first impression in the state of Ohio and, perhaps, elsewhere. The only test set forth by the legislature in R.C. 2717.01 is that 'there exists reasonable and proper cause for changing the name.' Implicit in that standard is that the best interest of the child must be considered by the trial court.

"A change of name is a significant event in the life of a child. It has long been the tradition in this country for a daughter to bear the name of her father up to the time of her marriage, and a son throughout his lifetime. When a child fully appreciates all of the circumstances and there is evidence that it is clearly in the best interest of the child to do so, there may be justification for allowing a change of name from that of the father. In the absence of such evidence, as here, it would not contribute to the child's best interest to permit interference with the usual custom of succession to the father's name or to foster any unnatural barrier between the father and child.

" * * *

"While there can be no hard and fast rule governing the change of a child's name, certainly there are circumstances when a change to the surname of the mother's second husband may be in the best interest of the child, especially when the child's father indulges in improper conduct, fails to support, abandons the child, is and has been indifferent to the child's welfare, and does not raise a timely objection to the change of name. On the other hand, when the father is and has been supporting the child, manifests an abiding interest in the child, is not infamous, has exercised visitation privileges and has promptly objected to the change of name, in the absence of a special overwhelming reason we find that it is

not in the best interest of the child, and, therefore, there does not exist a reasonable and proper cause for changing the name of a minor under the age of eighteen years. A review of the transcript of proceedings and the findings of fact and conclusions of law indicate that a reasonable and proper cause has not been shown in this case. The first assignment of error is sustained."

This court considered a similar situation in its decision in *In re Russek* (1974), 38 Ohio App.2d 45, 67 O.O.2d 260, 312 N.E.2d 536, but there found that the "natural father failed to manifest an abiding interest in his children, that he failed to support them, that the change of name would not contribute to an estrangement from the father and would be in the best interests of the children." *Id.* at 49, 67 O.O.2d at 262, 312 N.E.2d at 538. Under such circumstances, the change to the stepfather's surname was affirmed.

In *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 528 N.E.2d 180, the Supreme Court elaborated on the best interest of the child criteria in the context of a paternity action. The Supreme Court held at 334–335, 528 N.E.2d at 185:

"In determining the best interest of the child concerning the surname to be used when parents who have never married contest a surname, the court should consider: the length of time that the child has used a surname, the effect of a name change on the father-child relationship and the mother-child relationship, the identification of the child as part of a family unit, the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference, and any other factor relevant to the child's best interest. Courts should consider only those factors present in the particular circumstances of each case."

Although *Bobo* involved a paternity action pursuant to R.C. 3111.13(C), courts have applied its "best interest of the child" test to cases dealing with R.C. 2717.01. *In re Stollings* (1989), 65 Ohio App.3d 183, 187, 583 N.E.2d 367, 370; *In re Kachlan* (Dec. 21, 1992), Stark App. No. CA09019, unreported, 1992 WL 398163; *In the Matter of Klopp* (Mar. 9, 1992), Butler App. No. CA91–04–075, unreported, 1992 WL 44971.

In the instant case, the natural father has opposed the name change at the formal hearing and explained to the referee's satisfaction any deficiencies in his visitation and support obligations and professed his continuing interest in the children. The referee's report described the extent of these difficulties:

"In the case at bar, both parents agree that the natural father's visitation with the two minors has been sporadic at best. Numerous problems have plagued the continued attempts to arrange convenient visitation with all the parties. John

Crisafi stated, however, that he plans on correcting the current problem either by agreement of the parties or through a court order in Domestic Relations Court.

"Debra emphasized to this Referee that although the childrens' father was ordered to pay $17,278.25 in child support, over the past thirty months since their divorce he has only paid $6,953.55. John Crisafi stated that he is currently employed at Demko Transmissions and his wages are being garnished in an effort to reduce the arrearage.

"RECOMMENDATION

"Based on the foregoing facts and applicable law, it is the opinion of this Referee that the father has demonstrated a continuing interest in his children. Although Stephen Hobt has actively involved himself as the childrens' stepfather in the childrens' school activities and their social lives, he stated that he has no plans in the near future of adopting these children.

"Debra Hobt argues that they have become a family unit since her second marriage and by changing the childrens' names to her married name, it will help unify the family. This position, although well founded, fails in light of the possible alienation and estrangement between the children and their natural father.

"It is therefore the recommendation of this Referee that the Application to Change the Names of John Anthony and Melissa Marie Crisafi be denied at this time."

■ Although there are certainly grounds to support both sides of the issue, the scope of our review on appeal is limited to determining if the judgment of the lower court is supported by any credible and substantial evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

■ In reviewing the judgment of the trial court, we do not reweigh the evidence. Our only determination is whether the trial court's application of the law to the facts presented in this case amounted to an abuse of discretion. *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350, 1357. Deference must be shown to the trial court's judgment and the findings of fact on which it rests. In *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E.2d 772, 774, the court stated:

"In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with the observation of the parties and through independent investigation can not be conveyed to a reviewing court by printed record."

■ We cannot say on the abbreviated record before us that the referee or the trial court failed to take into account the best interests of the children in denying the name change. Most certainly we cannot find the judgment against the manifest weight of the evidence.

Appellant's assignment of error is overruled.

*Judgment affirmed.*

HARPER, P.J., MATIA and PORTER, JJ., concur.