As stated in the majority opinion, a trial court does not have an obligation to define terms left undefined by the legislature. Therefore, the trial court did not err by failing to identify the standard of willful it applied. While Appellant's assignment of error focuses on the trial court's failure to define willful, it appears that Appellant is arguing that the evidence does not adequately support the trial court's finding that Appellee's conduct did not rise to the level of willful. Accordingly, I construe Appellant's assignment of error as asserting a manifest weight of the evidence challenge.
When a party asserts that the evidence is against the manifest weight of the evidence, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported at 14. As such, "[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the appellant. State v. Otten (1986), 33 Ohio App.3d 339,340.
Appellant requested the imposition of interest on support arrearages owed by Appellee pursuant to R.C. 3123.17. R.C. 3123.17 states:
 (A) When a court issues or modifies a court support order, the court shall determine the following:
 (1) Whether the obligor is in default under a prior court support order or the court support order being modified;
 (2) If the obligor is in default, the date the court support order went into default and the amount of support arrearages owed pursuant to the default.
 If the court determines the obligor is in default under a support order, the court shall issue a new order requiring the obligor to pay support. If the court determines the default was willful, the court shall assess interest on the arrearage amount from the date the court specifies as the date of default to the date the court issues the new order requiring the payment of support * * * [.] The court shall specify in the support order the amount of interest the court assessed against the obligor and incorporate the amount of interest into the new monthly payment plan.
While the term willful, which is not statutorily defined, can be construed according to common usage, I would adopt the In Re Biddle
standard as the definition of "willful" for purposes of assessing interest on unpaid child support. In Re Biddle (1958), 168 Ohio St. 209, involved an adoption and a determination of whether a mother willfully failed to provide support for her child. In Biddle, the Supreme Court of Ohio held that a parent willfully fails to support a child when the parent 1) knows of the duty, 2) is able to provide such support, and 3) voluntarily and intentionally fails to do so. Id. at paragraph six of the syllabus. See, also, In Re Lewis (1966), 8 Ohio St.2d 25.
After reviewing the record and applying the Biddle willful standard, I find that the trial court's decision is not contrary to the manifest weight of the evidence. Appellant, as the moving party, has the burden to establish Appellee's willful failure to pay child support. See Jurewiczv. Rice (Nov. 14, 2001), Medina App. No. 3190-M, unreported, 2001 Ohio App. LEXIS 5072 at 4, citing Tremaine v. Tremaine (1996),111 Ohio App.3d 703. She has failed to do so.
The mere fact that Appellee quit his job does not establish that he was able to provide support or that he voluntarily and intentionally failed to provide support. There are numerous reasons for leaving employment voluntarily, not all of which support an inference that the motivation for doing so is to avoid paying child support. In this case, the record shows that Appellee quit his job as a result of an intolerable situation and that he had been seeking employment. The record shows that Appellee had fallen behind before with his payments, but made them up when he was employed.
Had Appellant established that Appellee admitted that he quit his job to avoid paying child support or that he was not seeking employment, she may have been able to meet her burden of establishing willful failure to pay. However, she did not do so and on the record before this Court it cannot be said that the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. Accordingly, I concur in judgment for the reasons stated and affirm.