OPINION
{¶ 1} Appellant, Jeffrey J. Hoke, appeals from a judgment entry of the Franklin County Court of Common Pleas, Probate Division, granting the application of Brookelyn Leigh Hoke's ("Brookelyn") guardians, Lisa and Michael Steele, to change Brookelyn's name to Brookelyn Leigh Steele. Because appellant has not demonstrated that the Probate Court abused its discretion, we affirm that judgment.
 {¶ 2} Appellant is Brookelyn's natural father. Appellant and Brookelyn's natural mother, Jennifer Steele Hoke, were married on July 12, 1996. Brookelyn was born on August 14, 1997. On May 7, 1999, after Jennifer initiated divorce proceedings, appellant murdered Jennifer. Appellant was convicted of the murder and is now serving a prison term of fifteen years to life. The Probate Court appointed Jennifer's parents, Michael and Lisa Steele, as Brookelyn's legal guardians.
 {¶ 3} Subsequently, the Steeles filed an application in the Probate Court to change Brookelyn's last name from Hoke to Steele. The application was initially set for hearing on September 5, 2002. The hearing date was then continued to September 26, 2002. On August 21, 2002, legal notice was published in the Daily Reporter, a newspaper in Franklin County, indicating that an application had been made in the Probate Court to change Brookelyn's name and the date and place of the hearing. On August 28, 2002, appellant filed objections to the proposed name change. By judgment entry dated September 26, 2002, the Probate Court granted the Steeles' application and ordered Brookelyn's name to be changed to Steele. The court found that proper notice was given, reasonable and proper cause existed for the name change, and the name change was in Brookelyn's best interest.
 {¶ 4} Appellant appeals, assigning the following error:
 {¶ 5} "1. The Probate Court committed prejudicial reversible error, and deprived appellant of procedural due process on violation of Article I Section 16 of the Ohio Constitution, when it changed the name of his natural daughter without first considering appellant's timely filed objections and/or the best interest of said minor child. [sic] also, in violation of the First and Fourteenth Amendment [sic] to the United States Constitution."
 {¶ 6} R.C. 2717.01 regulates proceedings to change a person's name. R.C. 2717.01(B), which governs name changes for minors, provides that "[a]n application for change of name may be made on behalf of a minor by either of the minor's parents, a legal guardian, or a guardian ad litem. When application is made on behalf of a minor, in addition to the notice and proof required pursuant to division (A) of this section, the consent of both living, legal parents of the minor shall be filed, or notice of the hearing shall be given to the parent or parents not consenting." Id. Therefore, pursuant to R.C. 2717.01(B), the Steeles, as Brookelyn's legal guardians, had the right to request the name change, and it is uncontested that appellant received notice of the hearing.
 {¶ 7} The standard for deciding whether to permit a name change is "proof that * * * the facts set forth in the application show reasonable and proper cause for changing the name of the applicant." R.C. 2717.01(A); In re Willhite (1999), 85 Ohio St.3d 28, 30. This determination must consider the best interest of the child. Id. at 32. We will only reverse a Probate Court's determination of whether a proposed name change is in a child's best interest if it constitutes an abuse of discretion. In re Crisafi (1995), 104 Ohio App.3d 577, 581. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Although appellant's assignment of error addresses the Probate Court's alleged failure to consider his objections and Brookelyn's best interests in permitting the name change, appellant's brief mainly attacks the prior appointment of the Steeles as Brookelyn's guardians and the failure of the Probate Court to order his attendance at the name change hearing. We disagree with appellant's contentions. There is nothing in the record indicating that the Probate Court did not consider appellant's written objections. There is also no indication in the record that appellant filed a motion requesting that he be permitted to attend the hearing. A prisoner must make a request, by motion, for the trial court to order his attendance at a hearing. Dale v. Dale, Franklin App. No. 02AP-644, 2002-Ohio-1113, at ¶ 10. "Without a pending motion, the issue was not before the trial court and the trial court could not rule upon it." Id. at ¶ 11. Therefore, the Probate Court did not err in failing to convey appellant to the name change hearing.
 {¶ 9} Appellant's argument concerning the legality of the Steeles' appointment as Brookelyn's guardians is also misplaced. Appellant contends that the Probate Court was without jurisdiction to appoint the Steeles as Brookelyn's guardians. We disagree. R.C. 2101.24(A)(1)(d) specifically provides the Probate Court with jurisdiction to appoint guardians.
 {¶ 10} Lastly, appellant contends that the Probate Court failed to consider Brookelyn's best interest in making its decision. However, the Probate Court's judgment entry contains a specific finding that the name change was in Brookelyn's best interest. To the extent appellant contests the sufficiency of this finding, we note appellant has not filed a transcript of the name change hearing. App.R. 9(A). The duty to provide a transcript for this court's review is with appellant, as it is appellant who has the burden of showing error by reference to the record. Miller v. Ameritech, Franklin App. No. 01AP-1209, 2002-Ohio-1313. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, the court has no choice but to presume the validity of the trial court's proceedings and affirm." Id., citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Accordingly, we affirm the Probate Court's determination that the proposed name change was in Brookelyn's best interest.
 {¶ 11} In conclusion, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.
Judgment affirmed.
PETREE, P.J., and WRIGHT, J., concur.
WRIGHT, J., retired of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.