Kinkade, J.
 

 This is an action brought by the county commissioners of Summit county to recover the expense, amounting to $100, incurred by that
 
 *664
 
 county in returning to Trumbull county a mother and her eight minor children dependent upon charity, on the ground that the former legal settlement and residence of the mother and children so returned was in Trumbull county, and that they had not acquired a legal settlement in Summit county by moving to that county. After they were returned to Trumbull county, the board of county commissioners of Summit county rendered a bill to Trumbull county for the expense of such removal — the amount not being in dispute — payment of which was refused, and then this action was instituted in the court of common pleas. It was heard upon an agreed statement of facts, and the agreed statement of facts is embodied in the bill of exceptions, and in fact constitutes the whole of the bill of exceptions. Strictly speaking, the bill of exceptions does not state that it contains all the evidence, but states that it contains such of the evidence only as counsel directed to be placed in the bill of exceptions. However, the case is argued in this court on the basis that it was decided entirely on the agreed statement of facts. The common pleas court, a jury being waived, entered judgment in favor of Trumbull county. This was affirmed by the Court of Appeals. Summit county prosecutes error to this court.
 

 It is alleged in the petition and admitted in the answer that the mother and the eight minor children had a legal settlement in the city of Warren, Trumbull county, at the time of their removal to Summit county, and this fact is covered by the fourth paragraph of the agreed statement of facts.
 

 . In January, 1924, Mrs. White, her husband, David
 
 *665
 
 White, and the eight minor children, ranging in age from 2 to 15 years, were all residing together as one family in the city of Warren. In a divorce proceeding, at that time, the mother was granted the divorce and was given, the sole and exclusive care, custody, and control of all the minor children. There is nothing in the record to show for what length of time the family had been living in Warren. For aught that appears in the record, both parents and all the children may have been born in the city of Warren, and the mother prior to her marriage to White may have attained her majority there and acquired of her own right a legal settlement in the city of Warren. What became of the husband after the divorce is not shown by the record, nor is it material. He may have abandoned his legal settlement there and acquired another elsewhere.
 

 The contention of the plaintiff in error is that the legal settlement of the children in Warren is established by the fact that that was the legal settlement of the father prior to the divorce. It is further claimed that after the divorce decree, the mother could only acquire a legal settlement in the city of Warren by continuing to live in Trumbull county and continuing to support herself and her children there without charitable aid, pursuant to the provisions of Sections 3476, 3477, and 3479, General Code. We cannot concur in this view.
 

 In July, 1925, nineteen months after the divorce, the mother moved with her eight children to Cuya
 
 hoga
 
 Falls in Summit county, with the intention to make that her home and the home of her minor children. Prior to going to Summit county with
 
 *666
 
 her children, she and a man named Norman Tyler had secured a marriage license in Trumbull county, and her going to Summit county was for the purpose of completing a marriage with Tyler and the making of her home with Tyler permanently in that county; Tyler then having a legal settlement in Cuyahoga Falls in that county. She and her children were supported by Tyler from the time of their arrival in Summit county until September, 1925, when Mrs. White and Tyler were married. They and the eight children lived as a family together in Cuyahoga Falls until the 16th day of October following, at which time Tyler abandoned Ms family; and the mother and the eight children at once became dependent upon charity and were supported by the authorities of Summit county from that time until the time of their return to Trumbull county.
 

 The fact is that from the time of the divorce until the time of the removal of Mrs. White and her children to Summit county they were dependent upon charity for their support, but they were not receiving charity from the municipal township, or county officials of Trumbull county, but were receiving charitable assistance and support from a charitable association organized for the purpose of charity in the city of Warren. The charity they received, after the divorce in Trumbull county, was not the charitable assistance covered by Sections 3476, 3477, 3478, and 3479, General Code.
 

 Soon after their return to Trumbull county, the mother and the minor children were returned by the authorities of Trumbull county to Summit county, the claim being made by Trumbull county that these dependents upon public charity had ac
 
 *667
 
 quired a legal settlement in and belonged in Summit county.
 

 A number of cases are called to our attention which are very different in their facts from this case, and therefore the conclusions reached in those cases are not controlling here.
 

 It is conceded in argument in this court that the mother acquired a legal settlement by her removal to Summit county with the intention to remain there permanently, and being supported there by Tyler for three months after her arrival. But it is said that the only settlement she had in Trumbull county was that which came to her by virtue of her marriage with White, and therefore she did not have such legal settlement in Trumbull county as a
 
 feme sole
 
 as would affect the legal settlement of the minor children, and that the taking of the children by her to Summit county, they not having been adopted by Tyler, although supported by him while there, in no wise affected the legal settlement in Trumbull county of the minors. We cannot assent to the correctness of this position.
 

 Manifestly the minors of themselves could not change their legal settlement by going from one county to another without their parents, but it is quite another thing to say that if a parent, having exclusive control and custody of the children by a decree of court, changes legal settlement, that does not change the legal settlement of the children who have accompanied such parent into the new legal settlement territory.
 

 We have no difficulty in reaching the conclusion, under the facts in this case, that the mother acquired a legal settlement in Summit county, nor
 
 *668
 
 have we any hesitancy in reaching the conclusion that that settlement constituted a legal settlement there of the minor children whom she took with her and kept with her in Summit county. There is nothing in the decisions of this court cited that conflicts with this decision under the facts of this case.
 

 The judgment of the court of common pleas and of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. j., Day, Allen, Robinson, Jones and Matthias, JJ., concur.