Probate Court of Montgomery County.

EDWARD V. STOECKLEIN V. EVA PRIDDY, ET AL.

Decided January 16, 1934.

*Calvin Crawford* and *E. E. Duncan,* for Montgomery county.

*James M. Howsare,* for Preble county.

*Herbert Beane* and *Ernest Kruse,* for city of Dayton.

WISEMAN, J.

This action was brought by Edward V. Stoecklein as welfare director of the city of Dayton against Eva Priddy, Dayton, Ohio, and A. B. Ulrich, Frank Meyer and Ezra C. House, as members of the Board of County Commissioners for Preble county, Ohio, for the purpose of determining whether the legal settlement of the defendant, Eva Priddy, is in Montgomery county or Preble county, Ohio.

Practically all of the essential facts in this case have been

agreed to by counsel and have been dictated into the record. The only fact which was not agreed to, which has a bearing upon this case, relates to the dependency proceeding in the Juvenile Court of Montgomery county, Ohio. On this matter some testimony was introduced.

The record discloses that Eva Priddy was, at the time the petition was filed, the wife of Homer Priddy, and was the mother of four minor children. Since the petition was filed the husband, Homer Priddy, died. The record discloses that in September 1928 the husband, Homer Priddy, was adjudged insane by the Probate Court of Preble county, Ohio, and committed to the Dayton State Hospital where he was confined up until the filing of this petition. At the time Homer Priddy was committed the legal settlement of the family was in Preble county; that in the early part of 1929 the defendant, Eva Priddy, came to Montgomery county, residing in the city of Dayton, and obtained relief at various times from the local authorities until September 19, 1929 on which date a dependency proceeding against her children was filed in the Juvenile Court of Montgomery county, Ohio, and upon the hearing said court duly adjudged said children to be dependent and ordered them committed to the Children's Home of Preble county, Ohio, and in obedience to said order said children were received at said Children's Home on September 19, 1929.

The testimony introduced in this case discloses and this court finds that the dependency proceeding was instituted and the adjudication and commitment was ordered by the court on the ground that Eva Priddy was not able to support herself and children at that time and was in need of public support and relief. Said children were committed to the Children's Home in Preble county for the reason that at that time the legal settlement of Eva Priddy and her children was in Preble county. Said children were cared for and maintained by said Children's Home of Preble county continuously from September 19, 1929 until September 9, 1931, on which date they were released to the care and custody of the defendant, Eva Priddy, in Montgomery county. On August 27, 1932 within twelve months of the release of the children she and her children were placed on relief in Montgomery county.

The record discloses further that in January, 1930, while

her children were in the Children's Home, the defendant, Eva Priddy, took up her residence in Montgomery county, where she resided and supported herself personally until late June, 1930; that between June 1930 and August 1930 she did not reside in either Montgomery county or Preble county. In August 1930 she returned to Montgomery county where she resided until June 1933, at which time she and her children were removed to Preble county, where she resided until a few weeks prior to the filing of this petition, when she was removed to Montgomery county by the authorities of Preble county. The petition was filed on October 6, 1933.

The record further discloses that from the time her children were committed to the Children's Home on September 19, 1929 up until August 27, 1932, she was self-supporting and received no public relief. On August 27, 1932 she received relief from the Family Welfare Association of Dayton, Ohio, said Family Welfare Association being recognized as an official relief-dispensing agency in the city of Dayton; that since August 27, 1932 she has received relief practically every month from the official relief authorities of the city of Dayton for the county of Montgomery.

The question for the court to determine is whether or not the care, maintenance and support of her minor children, as dependents, in the Preble County Children's Home, from September 19, 1929 to September 9, 1931, on the date when said children were released to her in Montgomery county, constituted public support and relief under the statutes of Ohio as would bar Eva Priddy from establishing a legal settlement in Montgomery county during the period that the children were in the Preble County Home. If the care, maintenance and support of her minor children, as dependents, in the Preble County Children's Home constituted public support and relief, then the twelve months' period would not begin to run until September 9, 1931, and within one year of this date, to-wit: on August 27, 1932 she was placed on public relief in Montgomery county. Therefore, the sole question for the court to determine is the legal effect of the commitment, care, maintenance and support of her minor children in the Preble County Children's Home.

The husband of Eva Priddy had no estate and contributed nothing toward the support of the family after his commitment to the hospital for the insane. Under the circumstances in this case the court is of the opinion that Eva Priddy, the mother, became the head of the family after the adjudication of her husband and his commitment. (Section 7997, General Code.) As the head of the family she was charged with the care, maintenance and support of her minor° children, all of whom are under eighteen years of age. At the time the children were made dependents by the Juvenile Court of Montgomery county she was without means of support and was dependent upon public support and relief at the time. The burden of furnishing public support and relief to her children was assumed and provided by Preble county.

We have been unable to find any reported case either in Ohio or in any other jurisdiction in which this specific question has been raised.

The facts in this case call for the construction of Sections 3476, 3477 and 3479, General Code.

Section 3476 provides for public support or relief to be furnished to persons who are in condition requiring the same by townships, cities or counties and also provides that the county shall furnish relief "to such other persons whose peculiar condition is such they can not be satisfactorily cared for except * * * under county control."

Section 3477 provides that a "person shall be considered to have obtained a legal settlement in any county in this state in which he or she has continuously resided and supported himself or herself for twelve consecutive months, without relief under the provisions of law for the relief of the poor, or relief from any charitable organization or other benevolent association which investigates and keeps a record of facts relating to persons who receive or apply for relief."

Section 3479 among other things provides as follows:

"When a person has for a period of more than one year not secured a legal settlement in any county, township or city in the state, he shall be deemed to have a legal settlement in the county, township or city where he last has such settlement."

This court is of the opinion that the charity extended by Preble county in caring for and maintaining the children in the Preble County Children's Home constituted public support and relief within the meaning of the law for the relief of the poor.

This court is also of the opinion that Preble county in extending public support and relief to the children of Eva Priddy, was extending public support and relief to Eva Priddy, herself, since she was the head and sole support of the family.

The fact that Eva Priddy continued to reside in Montgomery county while her children were being confined and cared for in the Children's Home of Preble county, would not permit Eva Priddy herself to obtain a legal settlement in Montgomery county during the time her children were being supported in said home. If Eva Priddy should be permitted to obtain a legal settlement in Montgomery county under the state of facts herein set forth, then the provisions of the law which provide the manner in which a legal settlement can be acquired would be defeated for the reason that a person having a legal settlement in one county may receive public support or relief from that county and take up a residence in another county where no public support or relief would be furnished for a period of one year, and thereby effect a change in his legal settlement.

The court is of the opinion that so long as public support or relief is being given to a person by any county of the state in which such person has a legal settlement, such person cannot acquire a legal settlement in a second county of the state wherein such person has resided for one year even though public support or relief has not been furnished by the second county. Any other view of the law would permit an indigent person or a county which may be short in funds to shift the responsibility at will.

Counsel has cited the case of Commissioners v. Commissioners, 116 Ohio St., 663, which case the court is of the opinion does not apply to the facts in this case, for the reason that the court in that case passed upon an entirely different state of facts, inasmuch as the relief furnished to the persons in question in that case did not come within the provisions of Section 3477, General Code.

In conclusion the court is of the opinion that Eva Priddy

did not obtain a legal settlement in Montgomery county, although having resided in said county for more than one year because of the fact that she had received public support and relief from Preble county, and that after such public support ceased she did not reside in Montgomery county for a period of twelve months prior to the time of receiving relief from the Family Welfare Association of Dayton, Ohio, which is found to be a charitable organization within the meaning of Section 3477, General Code. For this reason the court is of the opinion that the legal settlement of Eva Priddy is still in Preble county, as provided in Section 3479, General Code, and that a warrant for her removal to said county should be issued. All costs and charges are assessed against Preble county.

Counsel will draw the proper entry.