**In re STOLLINGS.**

[Cite as *In re Stollings* (1989), 65 Ohio App.3d 183.]

Court of Appeals of Ohio,
Hardin County.

No. 6-88-11.

Decided Oct. 30, 1989.

*Glenn H. Troth,* for appellant.
*Thomas A. Roof,* for appellee.

MILLER, Judge.

This is an appeal by Katrina Jo Stollings, natural mother of Ryan Keith Stollings, from a judgment of the Court of Common Pleas of Hardin County, Probate Division, ordering a change of name of Ryan Keith Stollings to Ryan Keith Clements.

There was undisputed testimony that the minor child, Ryan Keith Stollings, was born out of wedlock on August 4, 1986. Subsequently, on March 28, 1987, the parties were married. Further, it was undisputed that the appellee, Keith Earl Clements, was the child's natural father. The parties were divorced on June 2, 1988 in the Court of Common Pleas of Hardin County, Ohio.

On July 8, 1988, Keith Earl Clements filed an application for change in name for Ryan Keith Stollings. The application stated:

"Movant, Keith Earl Clements, the father, hereby petitions this Court to change the name of his minor child from RYAN KEITH STOLLINGS to RYAN KEITH CLEMENTS. Movant further states he has been a bonafide resident of the County of Hardin for at least one year prior to the filing of this petition.

"The reason for the change of name is that the child was born out of wedlock. The parties subsequently married and divorced with the minor child still carrying the wife's former name."

Following a hearing the trial court entered its judgment as follows:

"This day this cause came on to be heard in the Court of Common Pleas, Probate Division, Hardin County, Ohio for a change of name under Section 2717.01 Ohio Revised Code. The Applicant, Keith Earl Clements, father· of Ryan Keith Stollings, petitioned Court for a change of name from Stollings to

Clements, and he being present in Court with his attorney, Thomas A. Roof, the mother of said child, Katrina Jo Stollings was present with her counsel, Attorney Brian Fisher, Court listened to the opening statements of counsel, testimony and evidence, and the closing arguments.

"The parties hereto lived together as man and wife with a ceremonial marriage acknowledging the child as their own and filed for divorce and entered into a separation agreement which the Court adopted and made a part of its order concerning the best interest of the child and that the Divorce Decree reflects that fact and this Court believes that in the best interest of the child because of the marriage, the identification of the child as part of the family unit, that the child should have the same name as his parents. Considering any embarrassment, discomfort, or inconvenience that might result when a child bears a surname different from the parents, this child is only approximately 26 months old. Therefore the effect of the change of name would be to his interest in the future and it is so ordered that the name of Ryan Keith Stollings be changed to one of Ryan Keith Clements. * * * "

Appellant sets forth three assignments of error in her appeal.

Assignment of error number one:

"The trial court lacked subject matter jurisdiction in the instant case, and its resulting decision is of no force or effect."

R.C. 2717.01 provides:

"(A) A person desiring a change of name may file an application in the probate court of the county in which the person resides. The application shall set forth that the applicant has been a bona fide resident of that county for at least one year prior to the filing of the application, the cause for which the change of name is sought, and the requested new name.

" * * *

"Upon proof that proper notice was given and that the facts set forth in the application show reasonable and proper cause for changing the name of the applicant, the court may order the change of name.

"(B) An application for change of name may be made on behalf of a minor by either of the minor's parents, a legal guardian, or a guardian ad litem. When application is made on behalf of a minor, in addition to the notice and proof required pursuant to division (A) of this section, the consent of both living, legal parents of the minor shall be filed, or notice of the hearing shall be given to the parent or parents not consenting by certified mail, return receipt requested."

The appellant contends that the Court of Common Pleas of Hardin County, Probate Division, lacked subject matter jurisdiction over this case because the custodial parent and the child were residents of Paulding County.

In *Summit Cty. Bd. of Commrs. v. Trumbull Cty. Bd. of Commrs.* (1927), 116 Ohio St. 663, 158 N.E. 172, the Supreme Court in the syllabus stated:

"When the parents of minor children are divorced, and the decree gives to the mother the sole exclusive care, custody and control of the minor children, the legal settlement of the mother thereby becomes the legal settlement of the minor children; and when the mother thereafter, acting in good faith, moves to another county, taking the minor children with her, and intending to make the latter county the permanent home of herself and her minor children as well, and, pursuant thereto, the mother acquires a legal settlement in the county to which she thus moves, the minor children thereby acquire, through their mother, a legal settlement in the same county."

Therefore, the appellant claims that under R.C. 2717.01 the probate division of the court of common pleas of the county in which she and the child have their residence has sole authority to change the name of the minor child.

However, R.C. 2717.01 vests the probate division of the court of common pleas with subject matter jurisdiction over applications for change of name.

The issue thus becomes whether the Court of Common Pleas of Hardin County, Probate Division, had personal jurisdiction over Ryan Keith Stollings to change his name.

In this situation, the mother of the child, who was the child's legal custodian, along with the child voluntarily appeared in the Hardin County Court represented by counsel, to defend against the appellee's application to have the child's name changed. The record does not reflect that the appellant objected either prior to or during the proceedings to the court's jurisdiction over the person of Ryan Keith Stollings.

In *Mobley v. Allaman* (P.C.1961), 89 Ohio Law Abs. 473, 477, 184 N.E.2d 707, 710, the court stated:

" * * * It is also well settled in Ohio that an appearance for any purpose, except to object to the jurisdiction over the person, constitutes a submission to the jurisdiction of the court. Appearance in court or participation in the trial subjects the defendant to the court's jurisdiction * * * A court acquires jurisdiction over the person of the defendant * * * by his voluntary appearance and submission."

We thus conclude that the Court of Common Pleas of Hardin County, Probate Division, acquired personal jurisdiction over the mother and the child

by the appellant's voluntary appearance and her failure to object to the court's jurisdiction over the person of Ryan Keith Stollings.

Assignment of error number one is not well taken.

Assignment of error number two:

"The judgment of the trial court was against the manifest weight of the evidence in finding reasonable and proper cause existed for the change of name."

Assignment of error number three:

"The probate court erred as a matter of law in failing to find that reasonable and proper cause did not exist for the change of name."

R.C. 2717.01 provides in pertinent part:

"Upon proof that proper notice was given and that the facts set forth in the application show reasonable and proper cause for changing the name of the applicant, the court may order the change of name."

In determining whether to allow a change in the child's name, it is well established in Ohio that the request should be granted only upon the court's finding that it is "in the best interest of the child." *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 334, 528 N.E.2d 180, 184.

In *Bobo, supra,* the court applied the best interest of the child test to a situation where the parents were never married and the child maintained the surname of the mother. The Supreme Court stated in *Bobo, supra,* at 334–335, 528 N.E.2d at 185:

"In determining the best interest of the child concerning the surname to be used when parents who have never married contest a surname, the court should consider: the length of time that the child has used a surname, the effect of a name change on the father-child relationship and the mother-child relationship, the identification of the child as part of a family unit, the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference, and any other factor relevant to the child's best interest. Courts should consider only those factors present in the particular circumstances of each case."

The facts set forth in the *Bobo* case bear a similarity to the facts presented in the case before this court in that the mother is the custodial parent and the child has been known by the mother's surname.

The appellee in the application for the change in name set forth the following reasons to have the child's name changed:

"The reason for the change of name is that the child was born out of wedlock. The parties subsequently married and divorced with the minor child still carrying the wife's former name."

The evidence indicates that the facts set forth in the application are accurate and that the child maintained the mother's surname throughout the parties' marriage.

In addition, the court stated that it would be in the best interest of the child to change his name " * * * because of the marriage, the identification of the child as part of the family unit, that the child should have the same name as the parents. Considering any embarrassment, discomfort, or inconvenience that might result when a child bears a surname different from the parents * * *."

■ The trial court's conclusion that the child would have a different surname from *both* parents is in error. The mother, upon being divorced from the appellee, had her maiden name restored. Therefore, the child would continue to have the same surname as the mother. The trial court also found that it was in the best interest of the child to change his name due to "the identification of the child as part of the family unit". Based on the testimony at trial, the probability of the parties remarrying is remote and there is little likelihood that the child would have a different surname than both of the parents in the future, because of remarriage and the mother adopting the father's surname.

Applying the standard set forth in the *Bobo* case to the facts in the case before this court, we conclude that there was insufficient evidence in the record to support the trial court's conclusion that the change in name was in the best interest of the child.

We further conclude that cause was not shown in this case to support the trial court's judgment changing the child's last name.

For the reasons set forth above, the judgment of the trial court ordering a change in name of Ryan Keith Stollings to Ryan Keith Clements is reversed.

*Judgment reversed.*

Shaw and Thomas F. Bryant, JJ., concur.