**[Cite as *In re J.C.H.S.*, 2012-Ohio-6184.]**

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE | : | |
| MINOR NAME CHANGE OF: | : | Appellate Case No. 2012-CA-23 |
| | : | |
| J.C.H.S. | : | Trial Court Case No. 12-NC-01 |
| | : | |
| | : | |
| | : | (Civil Appeal from Common |
| | : | Pleas Court, Probate) |
| | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 26th day of December, 2012.

. . . . . . . . . . .

MIRANDA A. WARREN, Atty. Reg. #0081103, Goslee & Goslee, Ltd., 114 South Main Street, Bellefontaine, Ohio 43311

　　　Attorney for Appellee

S. M.

　　　Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1}    S.M. ("Father") appeals pro se from the trial court's dismissal of his R.C. 2717.01 application for a name change.

{¶ 2}    Father filed the application on April 2, 2012. It alleged that he was the father

of J.C.H.S., a minor, and that the child's mother was appellee, C.H.S. ("Mother"). In his application, Father sought to change the child's last name to his last name. He asserted, among other things, that the child did not have the last name of either parent, who had never married each other. Instead, the child had the last name of Mother's second ex-husband, and Father believed this was not in the child's best interest.

{¶ 3} After the trial court scheduled the matter for a hearing, but before the hearing was held, Mother moved to dismiss Father's application. In her May 10, 2012 motion, Mother argued that Father previously had filed a 2009 name-change application regarding their child in Logan County. Mother attached to her motion a photocopy of a September 18, 2009 judgment entry from the Logan County Family Court, Probate Division, denying a name-change application filed by Father. Mother additionally argued that the name-change issue was pending again in a Logan County court. Mother attached to her motion a February 7, 2012 affidavit from Father in Logan County Common Pleas Court, Domestic Relations, Juvenile, and Probate Division, Case No. 08-AD-09. In the affidavit, Father averred:

> The Child in question is named [J.C.H.S.] which has no relevance to either Mother or Father. And further the Plaintiff was determined to be the Father through DNA in March 2008, and further Plaintiff feels that the child should have a relevant last name and appropriately be the last name of the father, and further the defendant has in her career, changed her name numerous times, further Affiant saith naught.

(Affidavit, attached to Doc. #6).

{¶ 4} One day after Mother filed her motion, the trial court sustained it. In a brief entry, the trial court reasoned: "Based upon the evidence presented * * * it appears to the

Court that Logan County Family Court has jurisdiction over this matter, in pending Case No. 08AD09." (Doc. #7). Father timely appealed from the trial court's dismissal of his application.

{¶ 5}     We note that Father's entire pro se brief addresses the merits of his name-change application. He argues that granting the application is in the child's best interest. In so doing, he addresses various best-interest factors that guide a trial court in the exercise of its discretion regarding a minor child's name change. But missing from Father's brief is a substantive response to the trial court's dismissal of his application on the grounds that the same issue had been once decided in Logan County, and was once again pending in Logan County. Father makes no argument that the trial court erred in ruling on Mother's motion one day after she filed it. He also makes no argument that the trial court erred in finding jurisdiction proper in Logan County based on the affidavit attached to Mother's motion to dismiss. In short, Father overlooks the trial court's rationale for dismissing his application.

{¶ 6}     Father's brief contains only two sentences arguably touching on the reason cited by the trial court for dismissing his application. He asserts: "The Trial Court erred in overruling Appellant's Application for Name Change of minor child based on Motion to Dismiss as Attorney for mother of minor child arguably misled the Trial Court in its understandings. Minor child [J.C.H.S.] is in fact a resident of Champaign County and has been since the spring of 2011, attending Triad Local Schools." (Appellant's brief at 5).

{¶ 7}     We infer from the foregoing statement that Father believes the Champaign County Common Pleas Court, Probate Division, is the proper place to file his application because his child allegedly resides there. Under R.C.  2717.01, the probate division of a common pleas court has subject-matter jurisdiction to decide a name-change application. *In re Stollings*, 65 Ohio App.3d 183, 186, 583 N.E.2d 367 (3d Dist.1989). We note that the affidavit

from Father attached to Mother's motion to dismiss is captioned, "In the Common Pleas Court of Logan County, Ohio, Domestic Relations, Juvenile, *and Probate Division*."[1] (Emphasis added.). Therefore, based on the record before us, Father appears to have been seeking a name change in the Probate Division of the Logan County Common Pleas Court, which has subject-matter jurisdiction pursuant to R.C. 2717.01.

{¶ 8}     Even assuming, purely arguendo, that the Probate Division of the Champaign County Common Pleas Court would be a more appropriate forum, based on the child's alleged residence in Champaign County, the Logan County court still would possess subject-matter jurisdiction to resolve the name-change issue that Father appears to have pursued there. Father's act of seeking a name change in the Probate Division of the Logan County Common Pleas Court would raise at most a potential issue regarding venue or a lack of personal jurisdiction, which may be waived. *See*, *e.g.*, *Stollings* at 186-187. In the present case, Father undoubtedly waived any issue regarding venue or personal jurisdiction in Logan County by seeking a name change there.

{¶ 9}     In short, having reviewed Father's pro se brief, we are compelled to conclude that he has failed to demonstrate error in the trial court's dismissal of his application for a name change on the grounds that the same issue already was pending in Logan County.

{¶ 10}    The judgment of the Champaign County Common Pleas Court, Probate Division, is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

---

[1] We note that Logan County has one combined Domestic Relations-Juvenile-Probate Division. *See* R.C. 2101.024.

Copies mailed to:

Miranda A. Warren
S.M.
Hon. Brett A. Gilbert