DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order of the Lucas County Court of Common Pleas, Juvenile Division, denying a natural father's petition for a child's name change. Because we conclude that the trial court acted within its discretion in denying the father's request, we affirm.
 {¶ 2} Appellee, Holly C., and Nick C., were married on January 1, 2003. Gabriella C. was born on July 3, 2003. Just prior to Gabriella's birth, appellant, William L., filed a complaint alleging that he was the father of appellee's then unborn child.
 {¶ 3} When Gabriella was born, Nick C. was designated as her father on her birth certificate and she was given his last name. Subsequent genetic testing, however, revealed that Gabriella's biological father was appellant.
 {¶ 4} Appellant sought establishment of parental rights and visitation. Appellee asked establishment of child support. These matters were referred to and resolved by court mediation. The only issue unresolved was the question of Gabriella's surname: appellant sought to have the child's name changed to his, or his name hyphenated with appellee's maiden name. Appellee opposed.
 {¶ 5} The matter was submitted to the magistrate on stipulated facts and briefs. The magistrate found that appellant had not established reasonable and proper cause to change Gabriella's name and concluded that it was not in Gabriella's best interest to change her name to that of her biological father or to hyphenate with the mother's maiden name. The court overruled appellant's objections and adopted the magistrate's decision.
 {¶ 6} From this judgment, appellant now brings this appeal, citing the following single assignment of error:
 {¶ 7} "The trial court abused its discretion when it affirmed the magistrate's decision to deny plaintiff's order for the name change of his minor daughter when the magistrate's decision failed to fully consider the factors to be evaluated in surname changes as mandated by the Ohio Supreme Court."
 {¶ 8} R.C. 2717.01(A) provides that:
 {¶ 9} "Upon proof that proper notice was given and that the facts set forth in the application show reasonable and proper cause for changing the name of the applicant, the court may order the change of name."
 {¶ 10} In determining whether reasonable and proper cause has been established to justify a name change for a minor child, the court must consider whether such a change is in the child's best interest. In reWillhite (1999), 85 Ohio St.3d 28, at paragraph one of the syllabus. The factors which the court should consider in assessing whether a minor's name change is in the child's best interest are:
 {¶ 11} "* * * the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest." Id. at paragraph two of the syllabus.
 {¶ 12} If the court's analysis reveals that the facts set forth in the application fail to show a "reasonable and proper cause" for a change, there is insufficient evidence to support the petition and it must be denied. Even if "reasonable and proper cause" is demonstrated, whether to order such a change is within the court's discretion and will not be disturbed on appeal absent an abuse of this discretion. R.C. 2717.01(A);In the Matter of Change of Name of Barker, 155 Ohio App.3d 673, 675,2003-Ohio-7016, at ¶ 8, citing In re Crisafi (1995),104 Ohio App.3d 577, 581. An abuse of discretion is more than an error of judgment or a mistake of law, the term implies that the court's attitude is arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} In the present matter, the magistrate found that at the time of the petition, Gabriella was less than one year old; that she was born to appellee after appellee married Mr. C., and that the child, appellee and appellee's husband all carry the same surname. Gabriella has no siblings. The magistrate noted that the parties have a shared parenting arrangement wherein appellant has Gabriella each Wednesday and every other weekend and the mother has possession of the child at all other times. The shared parenting agreement designates as residential parent and legal custodian the party who has present possession of Gabriella under the agreement.
 {¶ 14} The magistrate states that on these facts in light of theWillhite factors, appellant has failed to establish reasonable and proper cause that the child's name should be changed and that it is not in Gabriella's best interest to change her surname to either appellant's or to hyphenate appellant's name with the mother's maiden name. Over appellant's objection, the trial court adopted the magistrate's decision.
 {¶ 15} The magistrate's findings are supported by the record. On these facts, the court found that appellant failed to carry its burden of persuasion that reasonable and proper cause exists to justify a name change. We cannot say that this conclusion was erroneous. Moreover, given that this child has only had one surname during her entire life and that this surname is consistent with that of the other members of the household in which she principally resides, we cannot say that the court's decision to deny this petition was arbitrary, unreasonable or unconscionable. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., Concur.