OPINION
{¶ 1} In this accelerated appeal, defendant-appellant, Ron Pierson, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, modifying the parties' shared parenting agreement.[1]
 {¶ 2} The parties were divorced in March 2000, and entered into a shared parenting agreement. In September 2003, plaintiff-appellee, Sandy Pierson, filed a motion to modify the shared parenting plan, alleging that appellant had "taken the position that the children can no longer engage in extra-curricular activities on his parenting time." After a hearing on the motion, a magistrate modified the parties' shared parenting plan so that the mutual consent of the parties was no longer required before the children could enroll in extracurricular activities.
 {¶ 3} Appellant filed objections to the magistrate's decision, arguing that 1.) the magistrate's decision incorrectly states the children's current extracurricular activities; 2.) the decision fails to account for conflicts in extracurricular activities; 3.) the decision fails to consider the parents' work schedules; 4.) the decision is vague,[2]
and; 5.) the decision is not in the children's best interest. At a hearing on the objections appellant specifically argued the second and third issues stated above. The trial court overruled the objections and adopted the magistrate's decision, with clarifications. Appellant appeals, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE COURT ERRED TO THE PREJUDICE OF APELLANT AND ABUSED ITS DISCRETION WHEN THE TRIAL COURT IGNORED THE UNAMBIGUOUS LANGUAGE OF THE SHARED PARENTING PLAN ENTERED INTO BY THE PARTIES."
 {¶ 6} Assignment of Error No 2:
 {¶ 7} "UPON APPELLEE'S MOTION TO MODIFY THE SHARED PARENTING PLAN, THE COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT PLACED THE BURDEN OF PROOF ON APPELLANT."
 {¶ 8} In his first assignment of error, appellant argues that the trial court failed to apply proper rules of contract construction. In his second assignment of error, appellant argues that the trial court failed to make the "change of circumstances" finding necessary pursuant to R.C.3109.04(E)(1) to modify the terms of a shared parenting agreement, and that it improperly placed appellee's burden to demonstrate a change of circumstances on him.
 {¶ 9} Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, also, Goldfuss v. Davidson, 79 Ohio St.3d 116, 121,1997-Ohio-401; Staff Notes to Civ.R. 53(E)(3)(b) (stating that "the rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection").
 {¶ 10} Appellant failed to object to the alleged failure to adhere to the rules of contract construction, and to the alleged failure to make the necessary change of circumstances finding, thus precluding the trial court from addressing the alleged errors. We consequently find that appellant has waived his right to argue these issues on appeal. AccordGoldfuss; In re McClain, Licking App. No. 01 CA 92, 2002-Ohio-2467 (party's failure to object to magistrate's decision precluded appellate review). Further, review of the record reveals no plain error in the trial court's decision. See Polly v. Coffey, Clermont App. No. CA2002-06-047, 2003-Ohio-509; In re West, Athens App. No. 05CA4, 2005-Ohio-2977. Appellant's first and second assignments of error are overruled.
 {¶ 11} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.
[2] Specifically, appellant argued that that the decision fails to define "season," fails to create a "schedule of priority," does not "address the issue * * * of a parent signing up the children for activities without regard to the other parent's schedule or without their consent," and fails to address instances where the children object to participating in extracurricular activities.