DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Armin Lawrence. R., Sr., appeals the judgment of the Lucas County Court of Common Pleas, Probate Division, which granted the application of Jennifer M. to change the name of their minor child.
 {¶ 2} The child's natural mother, Jennifer, filed a name change application pro se, and appellant objected. On June 20, 2006, a hearing was held which appellant, due to his *Page 2 
incarceration, attended via telephone. The magistrate approved Jennifer's application and granted the requested name change. Appellant filed objections. The probate court found all objections not well-taken, found "reasonable and proper cause" for the name change, and found the change to be in the child's best interests.
 {¶ 3} Appellant raises one assignment of error for review:
 {¶ 4} "The trial court erred and abused its discretion in granting the Application for Name Change [sic], over objection, where the decision was not supported by credible and substantial evidence and it was not demonstrated that the contested name change is in the best interests of the child."
 {¶ 5} The following relevant findings of fact were made by the magistrate and incorporated into the probate court's judgment. Jennifer and appellant are the natural parents of the minor child. They were never married. The minor child has always resided with Jennifer. In 2005, appellant was convicted of rape, kidnapping, and aggravated burglary in Wood County and rape in Lucas County. The findings of fact noted this court's affirmation of appellant's rape conviction in Lucas County. His total term of incarceration is 30 years to life. In 2006, the Lucas County Court of Common Pleas, Juvenile Division, terminated appellant's visitation rights and prohibited appellant from having any kind of contact with the minor child.
 {¶ 6} At the hearing, appellant argued that Jennifer was aware of his criminal history, and, in effect, that she consented to giving the minor child appellant's surname. The record contains no transcript of the hearing, but according to the findings of fact, *Page 3 
appellant testified that he "loves his son as much as his other children, that his son is the last, living person" with appellant's surname. He also protested using his recent convictions as evidence in support of the name change, since his appeals were not final.
 {¶ 7} R.C. 2717.01(A) permits a court to grant an application to change a minor child's name if the facts show reasonable and proper cause for the change. In determining whether reasonable and proper cause has been established, the court must consider whether such a change is in the child's best interest. In re Willhite (1999), 85 Ohio St.3d 28, paragraph one of the syllabus. In assessing whether a minor's name change is in the child's best interest, a court should consider:
 {¶ 8} "* * * the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest." Id. at paragraph two of the syllabus.
 {¶ 9} An appellate court will not disturb a trial court's decision to grant an application for a name change unless an abuse of discretion occurred. In re Name Change of Barker, 155 Ohio App.3d 673,2003-Ohio-7016, ¶ 8. An abuse of discretion is *Page 4 
more than an error of judgment or a mistake of law, the term implies that the court's attitude is arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In its decision, the trial court rejected each of appellant's objections. First, appellant objected to using his convictions as support for the name change, since "they will be overturned on appeal." This contention is irrelevant to a consideration of whether the name change will be in the child's best interests, and, given the other considerations which weigh in favor of a name change, superfluous.
 {¶ 11} Second, appellant objected to the use of the juvenile court's termination of his visitation to support the name change. However, his objection is grounded upon his assertion that he had no prior notice of the juvenile court's judgment. The probate court held that whether appellant received notice of the juvenile court's action was irrelevant to a determination of the child's best interests. The court adopted the magistrate's conclusion that "it will not benefit the child to retain a name that increasingly he will have no true identification with at home, among friends and family, in school, at church, or later when he applies for jobs." This conclusion was not unreasonably or unconscionably reached.
 {¶ 12} Third, appellant contended that the name change is unsupported because the magistrate did not find that appellant failed to maintain contact with the child. Willhite held that courts "should" consider the listed factors. Willhite, 85 Ohio St.3d 28, paragraph two of the syllabus. Therefore, the Willhite factors are suggestive; the list is *Page 5 
neither exhaustive nor is consideration of each mandatory. Moreover, the juvenile court's termination of appellant's visitation rights and the length of appellant's incarceration evidences a prospective lack of any relationship between appellant and the child.
 {¶ 13} The magistrate additionally found that the minor child identifies with Jennifer, who has been and remains the child's primary caregiver; that the child would likely experience "embarrassment, discomfort, or inconvenience" as a result of having a name other than Jennifer's; that the name change would benefit the child's relationship with Jennifer; that the child will be able to use the new surname as he begins school; and, given the nature of appellant's convictions and the extent of his incarceration, a "complete disassociation" from the name would be in the child's best interests.
 {¶ 14} Given these findings, ample evidence supports the probate court's decision that a name change would be in the child's best interests. There being "reasonable and proper cause" for the name change, appellant's assignment of error is not well-taken.
 {¶ 15} The judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1