OPINION
{¶ 1} Defendant-appellant, Jack Koeller, appeals a decision of the Preble County Common Pleas Court, Domestic Relations Division, awarding plaintiff-appellee, Jan Koeller, a portion of a bonus appellant received as an incentive to retire early.
 {¶ 2} The parties were married on April 16, 1982 and divorced on March 3, 2000. Jan was awarded custody of the parties' two children and appellant was ordered to pay child support and spousal support. The divorce decree also awarded Jan "36% *Page 2 
 Preble CA2006-04-009 of [husband's] retirement benefits through Delphi Chassis. [Husband] shall be entitled to the remainder." Appellant started working for Delphi Chassis on June 30, 1975. A Qualified Domestic Relations Order ("QDRO") subsequently filed used a coverture fraction of one-half 17/24 (17 years of marriage and 24 years of employment). On February 1, 2004, appellant voluntarily retired. In exchange for his early retirement, appellant received a lump sum early retirement bonus of $40,000 (the "retirement bonus").
 {¶ 3} Following his retirement, appellant filed a motion to modify his child support and spousal support obligations. Jan, in turn, filed a motion to increase child support and for a share of the retirement bonus. By decision filed on April 6, 2005, the magistrate awarded Jan 30 percent of the retirement bonus as follows:
 {¶ 4} "In divorce decrees that generally state that one party shall receive an `interest in (the other party's) pension,' Courts have interpreted that language to apply to all pension benefits[,] including but not limited to[,] early retirement supplements and all portions of benefit packages which are considered retirement/pension benefits. The [divorce decree] states, `It is further ORDERED [Jan] shall be entitled to thirty six percent (36%) of the [husband's] retirement benefits through Delphi Chassis.' The coverture fraction used at the time of the parties' divorce was 36% or one-half 17/24. * * * The early out bonus was earned after [husband] worked four more years. Thus it seems fair that [Jan] receive 30% of the early out bonus (one-half 17/28). * * * IT IS * * * RECOMMENDED AND ORDERED that [Jan] shall receive 30% of [husband's] net early out bonus." The trial court adopted the magistrate's decision that same day.
 {¶ 5} Appellant filed two objections to the magistrate's decision. The one objection relating to the retirement bonus did not challenge the magistrate's decision to *Page 3 
award a share of the bonus to Jan. Rather, the objection only challenged the coverture fraction used by the magistrate: "[Husband] objects to the fraction of 17/24 as used [in the magistrate's decision]. The Magistrate's Report and Recommendation states this fraction is based on [17] years of marriage over [24] years of service at Delphi. This fraction was true on March [3], 2000. However, [husband] actually had [30] years of service. Therefore, the fraction should be 17/30."
 {¶ 6} In May 2005, the trial court issued an interim order requesting that appellant "produce verification of the net amount he received * * * as his `early out' bonus, and further to immediately relinquish to [Jan] * * * a check for exactly 30% of that net amount." Appellant did not comply with the interim order and Jan filed a contempt motion. In November 2005, appellant filed a Civ.R. 60(B)(5) motion for relief from the interim order. The motion argued that the interim order was improper because the QDRO filed with the divorce decree "was specific in its definition of the benefits [to which Jan] was entitled," and the trial court "[could] only consider those benefits which existed and were specifically delineated at the time of the filing" of the divorce decree and QDRO. Jan filed a memorandum contra the Civ.R. 60(B) motion and in support of the magistrate's decision.
 {¶ 7} On March 16, 2006, the trial court overruled appellant's objections to the magistrate's decision as follows: "[This] case came to the court's attention by reason of Objections to a [magistrate's decision] adopted by the court on April 6, 2005. [Husband] filed timely objections * * * and Jan responded[.] The court has carefully reviewed the Magistrate's decision, the objections to that decision, the memoranda of both parties, the transcript of the magistrate's proceedings including all the exhibits and the court's own record. * * * [Husband's] objections * * * are found not well taken and DENIED." The trial court's decision does not refer to or rule on appellant's Civ.R. 60(B) motion. The *Page 4 
record before us is devoid of any ruling from the trial court granting or denying the Civ. R. 60(B) motion. An amended QDRO was filed on April 12, 2006.
 {¶ 8} Appellant now appeals the trial court's decision overruling his objections and adopting the magistrate's decision, raising one assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN CONCLUDING THAT THE BONUS PROVIDED TO [HUSBAND] FOR ACCEPTING HIS EMPLOYER'S OFFER FOR AN EARLY RETIREMENT MUST BE SHARED WITH HIS FORMER WIFE AS IF IT WERE [MARITAL] PROPERTY AND A `RETIREMENT BENEFIT,' AS THAT TERM WAS USED IN THE DIVORCE DECREE."
 {¶ 10} On appeal, appellant argues that the trial court erred by finding that the retirement bonus was a retirement benefit and a marital asset. Appellant contends that the bonus which he received after the marriage was terminated was neither a retirement benefit nor a marital asset subject to division.
 {¶ 11} Civ.R. 53 governs in relevant part the filing of objections to a magistrate's decision. Civ.R. 53(E)(3), the version of the rule in effect at the time[1] of the trial court's March 16, 2006, provides that:
 {¶ 12} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection.
 {¶ 13} "* * *
 {¶ 14} "(c) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this *Page 5 
rule."
 {¶ 15} It is well-established that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, pursuant to Civ.R. 53, the party is precluded from raising the issues on appeal. SeePierson v. Pierson, Warren App. No. CA2004-04-042, 2005-Ohio-5295; Staff Notes to Civ.R. 53(E)(b)(3) (stating that the "rule reinforces the finality of trial court's proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection").
 {¶ 16} In the case at bar, the language used in the magistrate's decision clearly indicates that the magistrate found the retirement bonus to be a retirement benefit and a marital asset before it awarded a share of the bonus to Jan. However, while appellant objected to the magistrate's decision, he only objected to the magistrate's reference to the 17/24 coverture fraction. Appellant did not object to the magistrate's finding that the retirement bonus was a retirement benefit and/or a marital asset. Nor did he object to the magistrate's decision to award a share of the bonus to Jan. We note that during a combined hearing on appellant's objections and Civ.R. 60(B) motion, the fact that appellant had only objected to the 17/24 coverture fraction was brought to appellant's attention. However, appellant did not seek for a leave to file amended or supplemental objections.
 {¶ 17} Arguably, the issue as to whether the retirement bonus was a retirement benefit and a marital asset was indirectly, summarily, and poorly argued in appellant's Civ.R. 60(B) motion. However, as noted earlier, the record before us is devoid of any ruling from the trial court either granting or denying the Civ.R. 60(B) motion. In addition, appellant's notice of appeal only refers to the trial court's March 16, 2006 decision which overruled appellant's objections and adopted the magistrate's decision. The trial court's *Page 6 
decision does not refer to the Civ.R. 60(B) motion.
 {¶ 18} Because appellant failed to object to the magistrate's finding that the retirement bonus was a retirement benefit and a marital asset, we find that appellant has waived his right to argue these issues on appeal. Appellant does not challenge the magistrate's use of the 17/28 coverture fraction. Nor does he argue that the coverture fraction should be 17/30 as he argued in his objection. In fact, the only reference to the coverture fraction in appellant's appellate brief is as follows: "The Magistrate stated, `the early out bonus was earned after [husband] worked four more years.' The Magistrate then changed the denominator of the coverture fraction from 24 years, the time of the employment at the time of the divorce, to 28 years. These `four more years' were after the Final Decree was entered on March 3, 2000." The record shows that appellant worked for Delphi from June 30, 1975 to February 1, 2004, or 28 years and seven months.
 {¶ 19} Appellant's sole assignment of error is accordingly overruled.
 {¶ 20} Judgment affirmed.
BRESSLER, J., concurs.
WALSH, J., dissents without written opinion.
 JUDGMENT ENTRY
The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Preble County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
[1] Civ.R. 53 was amended effective July 1, 2006. With regard to objections, Civ.R. 53 now provides that "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." See Civ.R. 53(D)(3)(b)(iv). Appellant does not claim plain error on appeal. *Page 1