OPINION
{¶ 1} Defendant-appellant, Michael Derkson, appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, denying his motions to dismiss and for court-appointed attorney in a paternity and child support action.
 {¶ 2} In August 2005, the Warren County Child Support Enforcement Agency ("CSEA") filed a paternity complaint on behalf of Shaheeda Bamba alleging that appellant was the natural father of a child born in November 1995. The complaint also alleged that *Page 2 
Bamba was the child's natural mother. The complaint was based on a petition for child support filed by the state of Kentucky under the Uniform Interstate Family Support Act (codified in Ohio under R.C. Chapter 3115). On October 3, 2005, as a result of appellant's answer, CSEA filed an amended complaint acknowledging that Bamba was not the child's mother but the child's caretaker. In January 2006, genetic test results indicated that appellant is the child's biological father.
 {¶ 3} Subsequently, on March 14, 2006, appellant filed a motion for custody of the child (in which he acknowledged he was the child's father), a motion for court-appointed attorney, and a motion to dismiss the complaint on the basis it was not accompanied by the affidavit required under R.C. 3127.23. Appellant's motions were denied by a magistrate in a May 8, 2006 decision. The magistrate found that (1) based upon appellant's incarceration in Warren County, the trial court had jurisdiction to set a child support order for the child; (2) the trial court lacked jurisdiction to award custody of the child to appellant and his wife because the child lives in Kentucky and never resided nor was conceived in Warren County; and (3) under R.C. 2151.352
(as amended effective September 29, 2005), appellant was not entitled to a court-appointed attorney in child support matters. The trial court adopted the magistrate's decision. On May 31, 2006, appellant filed objections to the magistrate's decision, and on June 27, filed a brief in support of the objections.
 {¶ 4} On June 27, appellant also moved the trial court to dismiss the complaint based on CSEA's failure to verify the complaint as required under R.C. 3115.22(A). Appellant renewed his motion to dismiss two months later. By decision and entry filed September 27, 2006, and as pertinent to this appeal, the trial court denied appellant's motion to dismiss the complaint for failure to comply with R.C. 3115.22(A). The trial court also dismissed appellant's objections to the magistrate's decision as untimely filed: "[Appellant] admits in his objections to the May 8, 2006 Magistrate's Decision that he was in receipt of the [decision] as *Page 3 
of May 16, 2006. Pursuant to Civ.R. 53(E)(3)(a) the objections were to be filed no later than May 22, 2006. The objections were filed on May 31, 2006. Therefore, the Court finds that [appellant] failed to file his written objections to the May 8, 2006 Magistrate's Decision within fourteen days of the filing of the decision."
 {¶ 5} This appeal follows in which appellant raises four assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "DENIAL OF COURT-APPOINTED ATTORNEY COUNSEL FOR MR. DERKSON, AN INDIGENT PATERNITY DEFENDANT WHO FACED THE STATE AS AN ADVERSARY, VIOLATED HIS DUE PROCESS GUARANTEES UNDER THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT ERRED BY DENYING COUNSEL TO MR. DERKSON BASED ON RETROACTIVE APPLICATION OF CHANGES TO THE LAW RESPECTING COURT-APPOINTED COUNSEL."
 {¶ 10} In his first assignment of error, appellant argues that the trial court's failure to appoint an attorney for him from the inception of the case violated his due process rights, and cites State ex rel.Cody v. Toner (1983), 8 Ohio St.3d 22, and Rees v. Heimberger (1 989),60 Ohio App.3d 45, certiorari denied (1990), 494 U.S. 1088,110 S.Ct. 1827, in support. In his second assignment of error, appellant argues that the trial court's denial of his motion for a court-appointed attorney was improperly based on the court's retroactive application of newly amended R.C. 2151.352. Until it was amended on September 29, 2005, R.C. 2151.352 provided parties in paternity, child custody, child support, and visitation proceedings with court-appointed attorneys. Under newly-amended R.C. 2151.352, parties are entitled to a court-appointed attorney only in parentage determinations. In the case at bar, CSEA's initial complaint was filed in August 2005. *Page 4 
 {¶ 11} Civ.R. 53 governs in relevant part the filing of objections to a magistrate's decision. Under Civ.R. 53, a party may file written objections to a magistrate's decision within 14 days of the filing ofthe decision. Objections must be specific and state with particularity the grounds of the objections. See Civ.R. 53(E)(3) (version of the rule in effect at the time appellant filed his objections). Thus, Civ.R. 53 "imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision." Buford v. Singleton, Franklin App. No. 04AP-904, 2005-Ohio-753, ¶ 5.
 {¶ 12} It is well-established that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, pursuant to Civ.R. 53, the party is precluded from raising the issues on appeal.Koeller v. Koeller, Preble App. No. CA2006-04-009, 2007-Ohio-2998, ¶ 15. Effective July 1, 2006, Civ.R. 53 now provides that "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b) [formerly Civ.R. 53(E)(3)]."
 {¶ 13} In the case at bar, appellant did not object to the magistrate's failure to appoint an attorney for him on the specific ground it violated due process guarantees and/or the Cody andRees decisions. While appellant did specifically object to the magistrate's retroactive application of newly amended R.C. 2151.352, he did not do so timely. As the trial court properly found, appellant was to file his objections no later than May 22, 2006, but instead, did not file them until May 31, 2006, 23 days after the magistrate's decision. We note that appellant does not claim plain error on appeal. SeeKoeller at fn.1; Doerfler v. Doerfler, Wayne App. No. 06CA0021,2006-Ohio-6960. We therefore find that appellant has waived his right to argue these issues on appeal.
 {¶ 14} We recognize that appellant was acting pro se when he filed his objections to *Page 5 
the magistrate's decision. However, he was still required to comply with the civil rules. Pro se litigants are expected, as attorneys are, to abide by the relevant rules of procedure and substantive laws, regardless of their familiarity with them. See Buford, Franklin App. No. 04AP-904; State v. Palmer, Warren App. No. CA2005-08-097,2006-Ohio-2712. Appellant was thus required to file specific and timely objections to preserve his right to appeal to this court, which he failed to do. A pro se litigant must accept the results of his own mistakes and errors. See Palmer.
 {¶ 15} Appellant first and second assignments of error are accordingly overruled.
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS THE CASE FOR LACK OF JURISDICTION."
 {¶ 18} Appellant argues that the trial court erred when it failed to dismiss the case for lack of jurisdiction. Specifically, appellant contends that the trial court did not have jurisdiction over child support matters because R.C. 3115.06(A) was not complied with. R.C.3115.06 governs the exercise of jurisdiction in Ohio where a pleading was also filed in another state.
 {¶ 19} We note that appellant failed to raise this issue in the objections he filed on May 31, 2006. He, however, raised the issue in his brief in support of the objections. As discussed above, though, appellant's objections filed on May 31, 2006 were untimely filed. Apparently, the trial court inadvertently allowed appellant to file a brief in support of his objections, not realizing that the objections had been untimely filed. It follows that because appellant did not timely file his objections, he has waived his right to argue this issue on appeal. See Koeller Appellant's third assignment of error is overruled.
 {¶ 20} Assignment of Error No. 4:
 {¶ 21} "THE TRIAL COURT ERRED WHEN IT FAILED TO JOIN [THE CHILD'S *Page 6 
MOTHER], AN INDISPENSABLE PARTY, WITHOUT WHOM JUST ADJUDICATION OF THE PROCEEDINGS MAY NOT BE HAD."
 {¶ 22} Appellant contends, and Civ.R. 19(A) provides, in relevant part, that "[a] person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties * * *." Civ.R. 19(A) further provides that "[i]f [the person] has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in [Civ.R.] 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in [Civ.R.] 12(G) and (H)." Civ.R. 19(A) expressly provides that if a party fails to timely assert the defense of failure to join a party, the defense is waived. See Garcia v. O'Rourke, Gallia App. No. 04CA7,2005-Ohio-1034.
 {¶ 23} Under Civ.R. 12(B)(7), a defendant may move the court to dismiss an action for failure to join a party under Civ.R. 19 or Civ.R. 19.1. Under Civ.R. 12(H)(2), a defense of failure to join an indispensable party under Civ.R. 19 may be made in any pleading permitted or ordered by Civ.R. 7(A), by motion for judgment on the pleadings, or at trial on the merits. However, "a party waives this defense when it fails to take affirmative action to prosecute it."Nationwide Mut. Fire Ins. Co. v. Logan, Butler App. No. CA2005-07-206,2006-Ohio-2512, ¶ 33. Thus, merely raising the defense in an answer without further affirmative action to prosecute the raised defense results in a waiver of the defense. Id. at ¶ 24, citing (and adopting the reasoning of) Mihalic v. Figuero (May 26, 1988), Cuyahoga App. No. 53921.
 {¶ 24} In the case at bar, appellant never raised the defense in his answers to CSEA's complaints and never moved the trial court to join the child's mother as a party. At most, in an August 28, 2006 motion contra CSEA's reply to his objections, appellant twice referred to the child's mother as follows: "[the mother] has not been made part of this action," and "why is [the mother] not made a party to this action?" Thereafter, appellant failed to take any *Page 7 
affirmative action to prosecute the defense. We therefore find that appellant waived the defense of failure to join the child's mother and is now precluded from asserting that defense. Appellant's fourth assignment of error is overruled.
 {¶ 25} Judgment affirmed.
 WALSH and POWELL, JJ., concur. *Page 1