OPINION
{¶ 1} Pro se respondent-appellant, Christopher R. ("Father"), appeals the decision of the Butler County Court of Common Pleas, Probate Division, granting the application of petitioner-appellee, Amy J. ("Mother"), to change the surname of their minor children.
 {¶ 2} The parties have two sons, born respectively in 1997 and 2002. The older child attends elementary school; the younger has not yet begun attending school. In 2004, Father *Page 2 
brutally assaulted Mother on two separate occasions. Father was subsequently convicted of multiple counts of attempted aggravated murder and is currently serving a 30-year prison term. The parties were divorced in 2005. The divorce decree denies Father any visitation rights with the children unless there is a change in circumstances. Following the divorce, Mother was restored to her former name. Mother obtained a civil protection order for her and the children against Father. The order expires in 2009.
 {¶ 3} On September 15, 2006, Mother applied to change the children's paternal surname to her surname "to reflect mother's name and more importantly, due to the notoriety of the [paternal] surname, which draws public scrutiny and attention, which is not in the best interest of the children] ." A hearing was held and based upon the testimony, the magistrate granted Mother's application to change the children's paternal surname to Mother's surname. The magistrate found that changing the children's surname was in the children's best interest. Father filed objections to the magistrate's decision. By decision and judgment entries filed on April 2, 2007, the probate court overruled Father's objections, adopted the magistrate's decision, and changed the children's paternal surname to Mother's surname. The probate court found that changing the children's surname was in the children's best interest. Father appeals, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE PROBATE COURT ERRED IN THE PREJUDICE TO THE APPELLANT WHEN IT ALLOWED HEARSAY TESTIMONY BY THE APPELLEE TO BE ENTERED UPON THE RECORD, AS TO WHICH THE COURT RELIED UPON THE HEARSAY TESTIMONY IN ITS DECISION IN GRANTING THE APPELLEE'S PETITION FOR NAME CHANGE OF MINOR CHILDREN. THE COURT'S ACTIONS DEPRIVED THE APPELLANT OF BOTH HIS GUARANTEED RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I. SECTION 16 OF THE OHIO *Page 3 
CONSTITUTION DUE PROCESS OF LAW CLAUSE."
 {¶ 6} Father argues that the probate court (1) both improperly allowed and relied on hearsay testimony concerning the impact on the children of bearing the paternal surname; (2) abused its discretion by not allowing the children to testify as to their preference; and (3) erred by not allowing the older child to testify as to the impact on him of bearing the paternal surname.
 {¶ 7} R.C. 2717.01 allows a court to grant an application to change a minor child's name if the facts show reasonable and proper cause for the change. In determining whether reasonable and proper cause has been established, the court must consider whether such a change is in the child's best interest. In re Willhite, 85 Ohio St.3d 28, 1999-Ohio-201, paragraph one of the syllabus. In assessing whether a change of a minor's surname is in the child's best interest, the court should consider:
 {¶ 8} "(1) the effect of the change on the preservation and development of the child's relationship with each parent; (2) the identification of the child as part of a family unit; (3) the length of time that the child has used a surname; (4) the preference of the child if the child is of sufficient maturity to express a meaningful preference; (5) whether the child's surname is different from the surname of the child's residential parent; (6) the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; (7) parental failure to maintain contact with and support of the child; and (8) any other factor relevant to the child's best interest." Id. at paragraph two of the syllabus; In re Change of Name of Barker, 155 Ohio App.3d 673,2003-Ohio-7016, ¶ 9.
 {¶ 9} An appellate court will not disturb a trial court's decision to grant an application for a name change unless an abuse of discretion occurred. In re Change of Name of Barker at ¶ 8. An abuse of discretion is more than an error of judgment or a mistake of law; the term implies that the court's attitude is arbitrary, unreasonable, or unconscionable.Blakemore v. *Page 4 Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} We first address the children's failure to testify at the hearing before the magistrate.
 {¶ 11} At the time of the hearing, the children were respectively eight and four years old. In light of the younger child's age, we cannot say that the probate court abused its discretion when it declined to have him testify as to his preference for a surname. With regard to the older child, the record shows that at the end of the hearing and at the request of Father's attorney, the probate court briefly interviewed the child to determine whether he was of sufficient maturity. The magistrate found that the child had a "significantly level of maturity to express a meaningful preference." However, based upon the child's answers as to why he and his family were in court, the magistrate declined to have an in camera interview concerning the child's preference for a surname. Upon reviewing the magistrate's interview of the older child, we cannot say that the magistrate abused its discretion in not allowing the older child to express his preference, or that it erred by not having him testify as to the impact of bearing the paternal surname.
 {¶ 12} Father also argues that the probate court (via the magistrate) improperly allowed hearsay testimony concerning the impact on the children of bearing the paternal surname (the "impact testimony"). During the hearing, Mother was asked what her concerns were with the children continuing to carry the paternal surname. Mother testified that:
 {¶ 13} "The reason I want to change their name is because of them dealing, especially [the older child], in school in third grade, with other kids. He has had kids come up and ask him who his dad is, where his dad is, why his dad isn't there and what his dad's name was. And for an eight year old dealing with everything he's dealt with having to deal with that is even harder. When he does say his last name some of the kids have said, oh, I've heard about your Dad. I know what he did. And then some of these kids don't want to hang around *Page 5 
him anymore because of that. That's one of it."
 {¶ 14} We decline to address whether the foregoing testimony was improperly allowed. During the hearing, no objections were made to the testimony. Further, although Father filed objections to the magistrate's decision, he did not specifically object to the magistrate's admission of the foregoing testimony.
 {¶ 15} Civ.R. 53(D)(3)(b)(ii) states that an objection to a magistrate's decision shall be specific and state with particularity all grounds for objection. Thus, under Civ.R. 53, the parties are required to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision."Buford v. Singleton, Franklin App. No. 04AP-904, 2005-Ohio-753, ¶ 5. Civ.R. 53 (D)(3)(b)(iv), in turn, states: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Father does not claim plain error here.
 {¶ 16} Accordingly, we find that Father is precluded from raising this issue on appeal. See Bamba v. Derkson, Warren App. No. CA2006-10-125,2007-Ohio-5192, ¶ 13; Koeller v. Koeller, Preble App. No. CA2006-04-009,2007-Ohio-2998.
 {¶ 17} Finally, Father argues that the probate court improperly relied on the impact testimony in adopting the magistrate's decision and changing the children's paternal surname to Mother's surname. Father asserts that such testimony constitutes inadmissible hearsay.
 {¶ 18} Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Unless a valid exception applies, hearsay is inadmissible. Evid.R. 802. A lower court's reliance on inadmissible hearsay in its judgment is generally reversible error. In *Page 6 re J.J., Butler App. No. CA2005-12-525, 2006-Ohio-2999, ¶ 19.
 {¶ 19} We agree that the impact testimony is inadmissible hearsay. We also note that the probate court's citation to and reliance on the testimony in its decision were in part in response to Father's allegation in his objections that "there [was] no evidence before the Court which supports the assertion that these children have been exposed to any negative consequences as the result of having the [paternal] surname. None."
 {¶ 20} We nonetheless find that to the extent the probate court improperly relied on the impact testimony, such error does not warrant a reversal of the probate court's decision. There was ample evidence in the record, aside from the impact testimony, to support the probate court's ultimate conclusion that changing the children's paternal surname to Mother's surname was in the best interest of the children.
 {¶ 21} In addressing Father's objections, the probate court stated in its decision that "[Father] does not see his sons because he is in prison for trying to kill their mother. [Father's] actions and the resulting consequences of those actions have had and will continue to have a horribly negative effect on his relationship with each of his sons. When viewed in the light of the circumstances he has created, this Court agrees with the Magistrate that changing the surname of each child to that of their mother will have little or no effect on the preservation and development of either child's relationship with their father. * * * [C]hanging the surname of each child will promote the identification of each child as part of the [maternal] family unit."
 {¶ 22} The probate court also adopted the magistrate's findings. These findings include (1) "[g]iven that their father will be incarcerated for a lengthy time period, and well into each boy's adulthood, [Father] essentially has no relationship with his sons to preserve and [Father] is prevented from developing any meaningful extensive relationship with his sons; "(2) "[the younger child] has limited social exposure as he is not of school age and therefore, *Page 7 
he has not used the [paternal] surname in any meaningful way; "(3) "[the older child], however, has been enrolled in school for at least three years and has gone by the [paternal] surname. Nonetheless, that amount of time is not considered significant nor is the length of time [the child] has used [the paternal surname] considered by the Court to the level of weighing heavily toward denying the application; "(4) "[t]he evidence showed that the actions of [Father] which led to his incarceration have sullied the [paternal] surname. [Father], by his own actions, placed his sons in a position with the potential of causing them great discomfort and embarrassment as they grow older and understand the gravity and cruelty of his behavior. [Father's] sons should not be obligated to carry a name that may, in any manner and even to the slightest degree, effect [sic] their psychological development and image of themselves;" and (5) "[b] y contrast, * * * [Mother] emerged from her ordeal as a strong advocate for better understanding of the devastation of domestic violence. Her sons have the potential to learn from her lessons of survival in spite of adverse circumstances and how to build a successful life."
 {¶ 23} We therefore affirm the probate court's determination that changing the children's paternal surname to Mother's surname was in the best interest of the children. Father's first assignment of error is overruled.
 {¶ 24} Assignment of Error No. 2:
 {¶ 25} "THE PROBATE COURT COMMITTED PLAIN ERROR, WHEN THE COURT ADOPTED AS ITS SIGNATURE [A] RUBBER STAMP FACSIMILE SIGNATURE THERETO THE COURT'S JOURNAL ENTRIES."
 {¶ 26} Father argues that the probate court's judgment entries changing the children's paternal surname are invalid because they were not signed by the probate judge, but rather, were rubber-stamped with the probate judge's signature. Attached to his brief are photocopies of the probate court's decision overruling Father's objections and the probate *Page 8 
court's two judgment entries changing the children's paternal surname to Mother's surname. All three documents bear the rubber stamp facsimile signature of the probate judge.
 {¶ 27} It is well-established that a judgment entry that is not signed by a trial judge but that bears a rubber stamp in lieu of the judge's signature is not a final appealable order and is thus invalid for appellate purposes. In re Mitchell (1994), 93 Ohio App.3d 153;Brackmann Communications, Inc. v. Ritter (1987), 38 Ohio App.3d 107; Civ.R. 58(A). However, we have in the record before us theoriginal decision of the probate court overruling Father's objections and the original judgment entries of the probate court changing the children's paternal surname to Mother's surname. All three documents bear the probate judge's original signature and are clearly stamped "Final Appealable Order." Father's second assignment of error is accordingly overruled.
 {¶ 28} Judgment affirmed.
 BRESSLER and POWELL, JJ., concur. *Page 1