[Cite as *McCoppin v. Camargo Sports & Apparel*, 2018-Ohio-639.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| MICHAEL R. MCCOPPIN, et al., | : | |
| Appellants, | : | CASE NO. CA2016-11-226 |
| | : | O P I N I O N |
| - vs - | | 2/20/2018 |
| | : | |
| CAMARGO SPORTS AND APPAREL, et al., | : | |
| | : | |
| Appellees. | : | |
| | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-02-0591


Mark W. Raines, 246 High Street, Hamilton, Ohio 45011, for appellants

James J. Allen and Camargo Sports and Apparel, Inc., 1354 Allen Street, Lancaster, Ohio 43130, appellees, pro se


**RINGLAND, J.**

{¶ 1} Plaintiffs-appellants, Michael McCoppin, et al., appeal the decision of the Butler County Court of Common Pleas, awarding McCoppin $3,100 in damages for breach of an employment contract. For the reasons detailed below, we affirm.

{¶ 2} Kenneth Cox and Jeffrey Lutes ("Shareholders"), along with McCoppin, are the former shareholders of W.E. Michaels Sports Group Inc. ("W.E. Michaels"), a defunct Ohio

corporation formerly headquartered in Middletown. Camargo Sports & Apparel, Inc. ("Camargo") is a defunct Ohio corporation formerly headquartered in Cincinnati. Both corporations sold sporting goods and apparel, mostly to high school athletic teams. James Allen was the president of Camargo during all relevant times.

{¶ 3} On May 31, 2006, the parties executed an asset purchase agreement whereby Camargo would purchase W.E. Michaels for $202,274. As part of this agreement, Camargo also agreed to assume W.E. Michael's contract and lease obligations, most notably, several pieces of equipment used for embroidery and logo prints.

{¶ 4} The purchase agreement further required Camargo and McCoppin to execute an employment contract, which they did shortly after the closing. Under the terms of the employment contract, McCoppin was to remain an employee of Camargo in exchange for $600 in weekly wages plus unspecified commissions.

{¶ 5} Camargo was to continue operation at W.E. Michaels' North Clinton Street location in Middletown. Though Camargo took possession of the premises after purchasing W.E. Michaels, the parties never executed a lease agreement.

{¶ 6} Camargo faltered soon after purchasing W.E. Michaels. The relationship between Allen and McCoppin also quickly soured. At the time McCoppin terminated his employment, Camargo owed him five weeks of wages, as well as commissions for his entire tenure. In October 2006, Camargo vacated the North Clinton Street address due to a water and pest intrusion and relocated to another location in Middletown. Following the closure, McCoppin opened an athletic facility in the North Clinton Street property that featured batting cages and weightlifting equipment.

{¶ 7} Camargo ceased operations in 2008. In February 2011, McCoppin and the Shareholders filed this action against Camargo, Allen, and Kathleen Barton, Allen's wife. The complaint alleged that Camargo and Allen failed to assume the equipment leases and

wrongfully removed equipment from the business premises in violation of the terms of the equipment leases. McCoppin and the Shareholders further alleged that Camargo and Allen unlawfully used W.E. Michaels' vendor accounts to their detriment, and that McCoppin is owed back wages and commissions.[1]

{¶ 8} Though Camargo had not yet filed an answer, the record reflects that Allen and his wife attended a pretrial conference, appearing pro se. A pretrial order dated August 22, 2011 states that plaintiffs and plaintiffs' counsel did not appear. The notation further indicated that the court would "send a 10 day notice of dismissal" to plaintiffs and their counsel for failure to prosecute their claim.

{¶ 9} On December 17, 2012, McCoppin and the Shareholders moved for summary judgment. The motion included McCoppin's affidavit, which averred damages and breach of contract allegations. On January 11, 2013, the trial court granted the motion for summary judgment. The trial court awarded McCoppin and the Shareholders $231,711.76, plus costs and interest. In addition, the trial court also awarded McCoppin individually $11,298 plus costs and interest. Over a year later, the trial court entered an amended judgment entry. The amended judgment entry maintained the prior judgments against the parties and the respective damages.

{¶ 10} On April 22, 2015, the Allens, now with counsel, moved for relief from judgment pursuant to Civ.R. 60(B). In affidavits, the Allens claimed they had no notice of the motion for summary judgment or of the judgment entry against them. McCoppin and the Shareholders filed a written motion in opposition. However, at the hearing on the motion, McCoppin and the Shareholders withdrew their opposition to the Civ.R. 60(B). On June 3, 2015, the trial court granted the Civ.R. 60(B) motion for relief from judgment. Following this

---

1. Though the complaint references a contract and damages, it is unclear if McCoppin and the Shareholders were pursuing this action as a tort or as a breach of contract. Aside from McCoppin's wage claim, the complaint references the "unlawful" use of credit accounts, along with language alleging a breach of contract.

decision, an answer was filed and Katherine was dismissed from the case through summary judgment. The matter proceeded to a bench trial on January 25, 2016.

{¶ 11} McCoppin and Allen both testified at trial. In addition to the claims listed in the complaint, McCoppin testified that Camargo and Allen engaged in other wrongful conduct. McCoppin complained about damages allegedly caused by Camargo and Allens' treatment of the leased equipment. McCoppin complained that some payments had been deducted from his W.E. Michael's account and that he had to use a personal credit card to bring one of the pieces of equipment current under its lease.

{¶ 12} Allen disputed nearly all of McCoppin's testimony. Though Allen acknowledged that Camargo did not immediately assume some of the equipment leases, he testified that Camargo reimbursed McCoppin while waiting for the lease assumptions to be approved. Allen did not dispute that McCoppin was owed wages, but did not recall any agreement as to commission rate.

{¶ 13} Following the hearing, the trial court found in favor of McCoppin for the breach of the employment contract. As a result, the trial court awarded McCoppin $3,000 for five weeks of wage damages and $100 nominal damages for the commissions. The trial court found in favor of Allen on the remaining claims. McCoppin and the Shareholders now appeal the trial court's decision, raising three assignments of error for review.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT GRANTED APPELLEES' RULE 60 MOTION FOR RELIEF FROM JUDGMENT AS APPELLEES' FAILED TO ESTABLISH ANY GROUND FOR RELIEF UNDER RULE 60(B) (1) THROUGH (5) [sic] AND FAILED TO FILE THEIR MOTION FOR RELIEF WITHIN A REASONABLE TIME.

{¶ 16} In their first assignment of error, McCoppin and the Shareholders argue that

the trial court erred by granting Camargo's Civ.R. 60(B) motion for relief from judgment. We find this argument to be without merit.

{¶ 17} Though they initially opposed the motion, McCoppin and the Shareholders withdrew their opposition at the final hearing and conceded that a schedule should be set for discovery and for trial. During the hearing, McCoppin and the Shareholders' counsel conceded:

> Well, Your Honor, there's not much to disagree about here. As far as meritorious defenses and as they relate to 60(b) [sic], since we're withdrawing opposition to that, I - - I think it's a moot point. Those are best produced at trial, whatever defenses Defendants may make claim and the Court make its decision.
>
> So we would respectfully submit that the matter be put on the schedule here for discovery and ultimately for trial. And we're not opposed to anything other than that.

The "invited error" doctrine does not permit a party to take advantage of an error which he himself invited or induced the trial court to make. *Poneris v. A&L Painting, LLC*, 12th Dist. Butler Nos. CA2008-05-133 and CA2008-06-139, 2009-Ohio-4128, ¶ 41. Here, McCoppin and the Shareholders failed to argue in opposition below and, indeed, requested that the matter proceed to discovery and trial. As a result, we find McCoppin's first assignment of error is without merit and is hereby overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT HELD THAT APPELLANT HAD FAILED TO PIERCE THE CORPORATE VEIL AS APPELLEE HAD COMPLETE CONTROL OVER THE CORPORATION, WHICH HE EXERCISED IN SUCH A MANNER AS TO COMMIT FRAUD, AN ILLEGAL ACT OR A SIMILARLY UNLAWFUL ACT AND APPELLANT WAS INJURED AS A RESULT.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT HELD THAT APPELLANT WAS NOT A QUALIFIED WITNESS FOR THE PURPOSE OF AUTHENTICATION ON VARIOUS EXHIBITS.

{¶ 22} We will address the second and third assignments of error together. In their second assignment of error, McCoppin and the Shareholders argue the trial court should have pierced the corporate veil. In their third assignment of error, McCoppin and the Shareholders claim the trial court erred because it would not allow McCoppin to authenticate various exhibits that he wished to enter into the record. We find both arguments to be without merit.

{¶ 23} We first note that McCoppin and the Shareholders failed to file objections to the magistrate's decision. It is well-established that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, pursuant to Civ.R. 53, the party is precluded from raising the issues on appeal. *Bamba v. Derkson*, 12th Dist. Warren No. CA2006-10-125, 2007-Ohio-5192, ¶ 12. Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Thus, the failure to file objections to a magistrate's decision under Civ.R. 53(D)(3)(b) constitutes the waiver of the right to appellate review of all but plain error. *VSG Trucking, LLC v. Wingates*, LLC, 10th Dist. Franklin No. 13AP-859, 2014-Ohio-1384, ¶ 6.

{¶ 24} The plain error doctrine in civil cases applies only in the "extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, ¶ 43, quoting *Goldfuss v. Davidson*, 79 Ohio

St.3d 116, 122-123 (1997). The doctrine implicates errors that are "obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982).

**{¶ 25}** As McCoppin and the Shareholders failed to file objections to the magistrate's decision, they have waived their right to appellate review except for the narrow issue of plain error. Following a thorough review of the record, we find the trial court did not commit plain error. Though McCoppin and the Shareholders allege a variety of damages, they presented minimal evidence to support their claims. The exhibits entered into evidence are incomplete and offer little evidentiary value. In addition, after reviewing the record properly before this court, the documents that the trial court allegedly failed to consider would have had no impact on the ultimate resolution of the case.[2] Simply stated, McCoppin and the Shareholders presented a dubious case that failed to meet the necessary burden of proof.

**{¶ 26}** There is also no merit to the assertion that Camargo's "corporate veil" should be pierced. Though McCoppin and the Shareholders argue that Allen "committed fraud, illegal acts [sic] or similarly unlawful acts," the testimony at trial does not support such finding. There is no evidence to sustain a finding that Allen acted fraudulently, or otherwise wrongly, to warrant a piercing of the corporate veil. The evidence simply shows that Allen made a poor investment and was ill-equipped to handle the difficulties in that specific industry. Therefore, we find the second and third assignments of error are without merit and hereby overruled.

**{¶ 27}** Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.

---

2. The documents that McCoppin and the Shareholders complain about purport to be past-due notices from equipment lessors, a notice of acceleration, and printouts of W.E. Michaels' checking account activity.